STRICKLAND v. CAPITAL CITY MILLS.

1. PLEADINGS—CONTRIBUTORY NEGLIGENCE.—When defendant does not plead contributory negligence, he is not entitled to a verdict even though the plaintiff was guilty of contributory negligence.

2. EXCEPTION too general.

3. BURDEN OF PROOF.—Where an answer sets up no affirmative defense, it is error to instruct jury that defendant must establish his defense by the preponderance of the evidence.

4. NEW TRIAL.—It is not error of law to refuse a new trial when there is any evidence to support the verdict.

Before J. A. McCULLOUGH, special Judge, Richland, November, 1903. Reversed.

Action by Henry Strickland against Capital City Mills. From judgment of Circuit Court, defendant appeals.

*Mr. R. W. Shand,* for appellant, cites: *There is no duty on master to inform servant of dangers of a revolving cog wheel open to view:* 55 S. C., 488; 66 S. C., 306; 114 Ga., 416; Wood on Master and Servant, 2 ed., secs. 328, 335, 336, 350, 351; 62 Am. St. R., 582. *Whole burden in this case was on plaintiff:* 68 S. C., 318. *If an erroneous principle of law be applied to facts in refusing new trial, the refusal is reviewable:* 19 S. C., 580; 23 S. C., 231; 57 S. C., 402; 65 S. C., 389.

*Mr. Frank G. Tompkins,* contra, cites: *Master is held to higher degree of care toward half-witted servant:* Busw. on Pers. Inj., 324; 76 Wis., 120; 102 Mass., 572; 58 S. C., 228. *If there be any evidence to support the verdict, new trial should not be granted on appeal:* 66 S. C., 302; 61 S. C., 491; 64 S. C., 346.

November 24, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff-respondent brought this action to recover damages for injuries alleged to have been received by him while at work in defendant-appellant's mill. It was alleged that plaintiff was employed to work in the card room, with which he was familiar, but was transferred to work in the picker room, with which he was entirely unfamiliar; that he was not warned of the danger, and was ignorant thereof and incapable of understanding the danger to which the work exposed him; that the machinery was unsafe without adequate guards, and that through these acts of negligence plaintiff's arm was caught in the machinery and lacerated, to his damage $3,000.

Besides a general denial, defendant answered in this language: "That if plaintiff received any injury, as alleged in the complaint, it was caused by his own carelessness and negligence, and not by any negligence on the part of the defendant."

The jury rendered a verdict for $1,500, and from the

judgment thereon comes this appeal on exceptions which we now notice in their order:

"First exception.  In charging the jury, 'I charge you under these pleadings that if you believe that the master, the defendant, in this case, was negligent, and if you believe that the plaintiff was also negligent, both negligent —that both were negligent—then your verdict should be not for the defendant but for the plaintiff, for the reason that the defendant in this case has not pleaded what is known as contributory negligence."  It is conceded by appellant that this exception must be overruled, under the authority of *Scott* v. *Railway,* 67 S. C., 140.

"Second exception.  That his Honor erred in charging the jury, 'If employee is a person of manifest incapacity to understand the danger to which his work exposes him, the fact the machinery was left unguarded, is competent upon the issue of the master's negligence.  You see it does not mean it controls you, but is a fact for you to take into consideration along with other facts of the case.' "  This exception is too general, as it fails to point out the specific error intended to be assigned.  We do not know except as a matter of specukation, which we are not required to make, whether the error claimed was in submitting to the jury any question as to the "manifest incapacity," or was in charging in respect to a matter of fact.

"Third exception.  That his Honor erred in charging the jury, 'It is also the duty of the defendant to establish the defense by the preponderance of the testimony, and if he has established the defense by the preponderance of the testimony—that is to say, I was not negligent, but this man was injured by reason of his own carelessness and his own negligence—then you should write your verdict for the defendant.'  Thereby improperly putting upon defendant the burden of proving not only that plaintiff was negligent, but also that the defendant was not negligent."  This exception is well taken and must be sustained. The defendant's answer was nothing more in legal effect

than a general denial.    It set up no affirmatie defense which defendant was required to establish by a preponderance of the evidence.    *Wilson* v. *C. & S. Ry. Co.*, 51 S. C., 79.    It is true, the language complained of was immediately preceded by these words: "Now, gentlemen, it is the business of the plaintiff to make out his case by the preponderance of the testimony, to satisfy you of the allegations of the complaint by such testimony as you believe, not necessarily by the number of witnesses, but by that testimony which carries conviction to your minds."·    But the whole charge in this connection was manifestly such as to lead the jury to suppose that defendant was required to establish its defense by the preponderance of the evidence.    The case of *State* v. *McDaniel*, 68 S. C., 318, is illustrative of the error of improperly shifting the burden of proof.

The fourth exception complains of error in refusing the motion for a new trial, appellant alleging that the refusal was based upon erroneous legal grounds.    Considering all that the Court said in refusing the motion for a new trial, we are satisfied that his refusal was based upon his views that there was testimony to support the verdict, and in such case the refusal of new trial is not reviewable.

For the error pointed out in considering the third exception, the judgment of the Circuit Court is reversed, and the case remanded for a new trial.