18031

Willard T. HOFFMAN and Florine Hoffman, Respondents, v. County of GREENVILLE, South Carolina, Appellant
(129 S. E. (2d) 757)

*Messrs. Riley & Riley,* of Greenville, *for Appellant,*

*Messrs. Traxler & Turner,* of Greenville, *for Respondents,*

February 14, 1963.

Moss, Justice.

Willard T. Hoffman and Florine Hoffman, the respondents herein, are the owners of a lot of land located on the south side of McMakin Drive, near the City of Greenville, upon which is located their residence. They acquired title to said lot on June 30, 1959. By their complaint, the respondents allege that after they purchased said lot, the County of Greenville, the appellant herein, entered upon the said property and cut a ditch approximately two feet wide and two feet deep across the rear and center portion of said lot. It is further alleged that by reason of the cutting of said ditch, the appellant has changed the normal course of drainage from nearby county roads and adjoining areas and the increased volume of surface water is channeled through said ditch, with increased velocity, and from said ditch it overflows and spreads out over their property and under their house. It is further alleged that by the cutting of the ditch across their property and by the collecting of surface water from the adjacent area and dumping it in an increased volume upon their property, they have been deprived of the beneficial use and the full enjoyment of their said property. It is further alleged that the aforesaid acts of the appellant, without permission of the respondents, constituted a taking of their property for public use entitling them to just compensation under the provisions of Article I, Section 17, of the 1895 Constitution of this State.

The appellant, by its answer, interposed a general denial and alleged that there was no taking of the respondents' property for a public purpose. It was further alleged that if

the respondents' property was damaged, it was the result of a natural flow of water brought about by conditions that were present when they purchased the property in question. It was further alleged that the flooding of the said property was the result of heavy rains and such constituted an act of God.

This cause was tried before the Honorable James H. Price, Jr., Judge of the Greenville County Court, and a jury; and, appellant's motions for nonsuit and directed verdict having been overruled, the jury returned a verdict in favor of the respondents. Thereafter, appellant's motion for judgment *non obstante veredicto,* or alternatively, for a new trial was overruled, and this appeal followed.

The first question for determination is whether there was any evidence of a taking by the appellant of the property of the respondents for a public use in violation of Article I, Section 17, of the 1895 Constitution of this State.

In the construction of Article I, Section 17, of the Constitution, we do not recognize a distinction between "taking" and "damaging". A deprivation of the ordinary beneficial use and enjoyment of one's property is equivalent to the taking of it, and is as much a "taking" as though the property was actually appropriated. The constitutional prohibition against taking private property for public use without just compensation must have been intended to protect all the essential elements of ownership which makes property valuable, including the right of user and enjoyment. Accordingly, it has been held that where a county collects surface water into an artificial channel and casts the same in concentrated form upon adjacent lands, resulting in a deprivation of the ordinary beneficial use and enjoyment of such property, such would amount to the taking of the property of the owners *pro tanto,* for which taking just compensation must be paid as required by the aforesaid Article of the Constitution. *Faust v. Richland County,* 117 S. C. 251, 109 S. E. 151, and *Owens v. South Carolina State Hwy. Dept.,* 239 S. C. 44, 121 S. E. (2d) 240.

The testimony shows that in the fall of 1960 that the appellant, without permission, entered upon the property of the respondents and cut a ditch across the rear portion thereof about thirty-eight feet from the back of the residence thereon. There was testimony also that there was a wooden box drain of small dimensions across Arbor Street, which was above the property of the respondents, and that the appellant replaced this rotted wooden box with a concrete culvert and catch basin and, as a result, such culvert and catch basin accumulates surface water from the uplying county streets in larger quantities than normal and dumps the same, with accumulated debris, and at a greater velocity into the new cut ditch and such water flows across respondents' property. There was testimony that as a result of the construction of the new catch basin and the cutting of ditches across respondents' property that three times more water comes across the property and that the ditches overflow and as a result thereof the grass and topsoil on the lot of the respondents was washed out, and the gravel in the driveway was likewise washed out. There was also testimony that when the ditches overflow the water runs under the house of the respondents and into the furnace room and out the door thereof. A witness for the appellant admitted that the building of the culvert and catch basin and the cutting of the ditches was for the benefit of the drainage of an uplying street. There was also testimony by an expert real estate appraiser that the respondents' property, because of the conditions heretofore recited, had been depreciated and impaired in value. There was also testimony that the appellant cut a second ditch across the respondents' property but such did not alleviate the situation.

There is evidence from which the jury could conclude that the damaging of the property of the respondents was caused by the cutting of ditches thereon without permission and by casting of surface water in force and impounded quantities thereon that would constitute a "taking" of the property within the constitutional sense. *Milhous v.*

*State Highway Department,* 194 S. C. 33, 8 S. E. (2d) 852, 128 A. L. R. 1186; and *Chick Springs Water Co. v. State Highway Department,* 159 S. C. 481, 157 S. E. 842.

A review of the record convinces us that the Trial Judge properly submitted to the jury the question of whether the acts of the appellant resulted in the taking of the property of the respondents for public use in violation of Article I, Section 17, of the 1895 Constitution of this State. Hence, it follows that the Trial Judge committed no error in refusing the motions of the appellant for a nonsuit, directed verdict, judgment *non obstante veredicto,* and, in the alternative, for a new trial.

The only other question for determination is whether the Trial Judge committed error in his charge to the jury. The charge to which the appellant took exception is as follows:

"I will also charge you that the defenses interposed by the defendant would also have to be established by the defendant by the greater weight of the testimony. In other words, the burden is on the plaintiffs to establish the allegations of their complaint by the greater weight of the testimony. And the burden is on the defendant to establish by the greater weight of its testimony the material allegations of its defenses."

The burden of proof is upon the party who by the pleadings has the affirmative on the issue. *Baker v. Mutual Loan & Inv. Co.,* 218 S. C. 47, 61 S. E. (2d) 387; *Ford v. Atlantic Coast Line R. Co.,* 169 S. C. 41, 168 S. E. 143, and *Simonds v. Simonds,* 232 S. C. 185, 101 S. E. (2d) 494. One who pleads an affirmative defense has the burden of proving it. *McCabe v. Sloan,* 184 S. C. 158, 191 S. E. 905.

Here, the respondents, by their complaint, alleged that the appellant had taken their property for public use without payment of just compensation in violation of Article I, Section 17, of the 1895 Constitution of this State. The burden of proof was upon the respondents to show that the appellant so constructed the ditches and drains

in a manner as to cause the imponding of water and the casting of same upon their property, bringing about the damaging or taking of such for a public purpose. *Owens v. South Carolina State Hwy. Dept.*, 239 S. C. 44, 121 S. E. (2d) 240.

The answer of the appellant asserted that the respondents' injury and damage was caused by an act of God. Such constituted an affirmative defense. *Montgomery v. National Convoy & Trucking Co.*, 186 S. C. 167, 195 S. E. 247. The burden of proof as to this defense was upon the appellant. However, there was no proof of such a defense and the Trial Judge properly refrained from charging the jury thereabout. Counsel for the respondents, with reference to the defense of an act of God, requested "the Court to remove that from the consideration of the jury." To which the Trial Judge replied: "Well, I have not charged them on that, * * * and I would not intend to do so. * * *" Since the Trial Judge eliminated the affirmative defense of an act of God, the remaining defense of the appellant was nothing more than a general denial. The sole issue was whether or not there was a taking of the property of the respondents for a public purpose within the constitutional sense. The respondents, having made this allegation, had the burden of proving such by the greater weight or the preponderance of the evidence, because the appellant had denied such a taking.

In the case of *Strickland v. Capital City Mills,* 70 S. C. 211, 49 S. E. 478, the defendant alleged in its answer that if plaintiff was injured as alleged, the injury was caused by his own negligence and not that of the defendant, and the Court instructed the jury that the burden of proving this allegation was on the defendant. This Court reversed the judgment on the ground that where an answer sets up no affirmative defense, it is error to instruct the jury that the defendant must establish his defense by the preponderance of the evidence.

The respondents call our attention to the fact that previous to the above quoted charge that the Trial Judge had instructed the jury that the burden of proof was upon the respondents to prove the material allegations of their complaint by the greater weight of the evidence and that the respondents could not prevail unless the greater weight of the evidence is in their favor. In the *Strickland* case, *supra,* with reference to a comparable situation, the Court said:

"* * * It is true, the language complained of was immediately preceded by these words: 'Now, gentlemen, it is the business of the plaintiff to make out his case by the preponderance of the testimony, to satisfy you of the allegations of the complaint by such testimony as you believe; not necessarily by the number of witnesses, but by that testimony which carries conviction to your minds.' But the whole charge in this connection was manifestly such as to lead the jury to suppose that defendant was required to establish its defense by the preponderance of the evidence. The case of *State v. McDaniel,* 68 S. C. [304] 318, 47 S. E. 384, is illustrative of the error of improperly shifting the burden of proof."

It is our conclusion that since the answer of the appellant was nothing more than a general denial, it was error for the Trial Judge to instruct the jury that the burden of proving its defense was on the defendant and that it would have to be established by the greater weight of the testimony. There was no such burden of proof resting upon the appellant. The exception of the appellant to the aforesaid charge of the Trial Judge is sustained.

It is the judgment of this Court, that the judgment of the lower Court be reversed and that the case be remanded for a new trial.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.