## 20364

William N. DEMAS and Richard S. Beatty, not Individually but as Trustee of Capital Mortgage Investments, a Maryland Real Estate Investment Trust established pursuant to the Declaration of Trust dated May 28, 1969, Appellants-Respondents, v. CONVENTION MOTOR INNS et al., Defendants, of whom Convention Motor Inns et al., are Respondents-Appellants.

(232 S. E. (2d) 724)

*Messrs. McKay, Sherrill, Walker & Townsend,* of Columbia, *for Appellants-Respondents,*

*Messrs. Nexsen, Pruet, Jacobs & Pollard,* of Columbia, *for Respondents-Appellants,*

February 22, 1977.

NESS, Justice:

The plaintiffs William N. Demas, et al. instituted this foreclosure action against the defendants Convention Motor Inns, a South Carolina general partnership, and the individual partners. Other parties were joined as defendants due to their interests in the property; but, they are neither involved in nor affected by this appeal and we need not discuss their entanglement. The action arises out of a construction mortgage in the principal sum of five million dollars together with a substantial amount of interest.

The master's findings can be capsuled as follows:

(1) the contracted interest rate was usurious;

(2) the maturity date of the note had been extended due to a waiver of strict compliance with the extension terms;

(3) the extension fee was usurious;

(4) the balance due was not proved by competent evidence;

(5) the plaintiff's were not entitled to a joint and several judgment against all the partners.

The trial court, reversing the master, found;

(1) the interest rate was not usurious;

(2) the maturity date was not extended;

(3) the extension fee was rebatable;

(4) the debt was not sufficiently established and should be determined on remand;

(5) the plaintiffs were entitled to a joint judgment against all of the partners to the extent of their percentage shares in the partnership. The plaintiffs, defendants Convention Motor Inns and the partners appealed. We affirm the trial court.

Usury is a statutory defense and it is the province of this Court to glean the legislative intent from the applicable statutes. *Green v. Thornton*, 265 S. C. 436, 219 S. E. (2d) 827 (1975).

In 1969 the legislature approved Act No. 235 entitled "An Act To Amend The Code Of Laws Of South Carolina, 1962, By Adding Section 8-8.1, So As To Provide That Usury Shall Not Be Available To Any Loan In Which The Amount Advanced Is At Least Fifty Thousand Dollars And To Prescribe Interest Rates On Loans Between Fifty And Five Hundred Thousand Dollars." Section 8-8.1 was codified and effective at the time the parties contracted:

"8-8.1. Usury not available as to loans of $50,000 or more; maximum interest rates on certain loans.—The pro-

visions of Sections 8-2, 8-3, 8-5 or 8-7 shall not be available by way of defense or otherwise with respect to any loan in which the amount advanced is fifty thousand dollars or more and the lender in case of any such loan shall not be subject to Section 8-9. *Provided, however,* that in the case of loans in which the amount advanced exceeds fifty thousand dollars, but not more than one hundred thousand dollars, the rate of interest shall not exceed ten percent, and on loans in excess of one hundred thousand dollars, but not more than five hundred thousand dollars, the rate of interest shall not exceed twelve per cent."

The defendants maintain the failure to prescribe maximum interest rates on loans in excess of five hundred thousand dollars indicated an intent to apply the general maximum rates provided in Section 8-3 to such loans. The argument is refuted by the first sentence of Section 8-8.1. Furthermore, the titles of the Act and the codified scetion expresses the obvious intent to remove the defense of usury to all loans in excess of fifty thousand dollars. This Court has heretofore endorsed the propriety of discerning legislative intent from the title of an Act. *McMillen Feed Mills, Inc. v. Mayer,* 265 S. C. 500, 220 S. E. (2d) 221 (1975).

Section 8-8.1 was subsequently repealed by the legislature. Act No. 839 (1973). The concomitant amendment of Section 8-3 pursuant to this Act bolsters our finding as the legislature has now specifically delineated its intent to apply no maximum interest rates on loans in excess of five hundred thousand dollars. The defendants forcibly assert that an amendment inherently infers a "change" in the law and the repeal of Section 8-8.1 should be construed retroactively. However, unchanged provisions in the repealed legislation which are reiterated in the new enactment are construed as continuously viable. Sutherland Statutory Construction, 4th Ed., Secion 23.28; see also, *Magwood v. Duggan,* 1 Hill, 182 (1833). We view the subsequent legislation as declaratory of prior existing law.

The defendants next assert the extension of the maturity date of the note by the plaintiffs. It is admitted that written notice of the request for extension 120 days prior to the expiration date was a condition precedent to extension, and such notice was not given. The Construction Loan Agreement provided for extension only upon strict compliance with the conditions precedent and modification of this agreement required a writing signed by the parties. There was no modification and the conditions precedent were not satisfied, hence no extension was granted.

The remaining issues pertain to the liability of the general partners for any deficiency judgment.

The partnership Agreement provided:

"It is further understood and agreed, however, that the initial construction loan or other loans to be obtained by the partnership for development and constructing improvements and for the purchase of chattels shall create a personal liability upon each partner, jointly and severally, for the repayment of the entire amount of said loan or loans, except for the following partners: Betty Sherwood M. Lee, Lynette M. Moody, Laura A. Mobley, Graham Cottingham, G. P. Callison and Augustus T. Graydon, who shall be only liable for their percentage shares."

The plaintiffs required personal endorsement of the note only by the four partners not named in the above exception. The master and the trial judge found that the plaintiffs accepted the limitation of liability of the listed partners and we are bound by this factual finding which has evidentiary support. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). There remains the viability and effect of the agreement.

It is undisputed that Convention Motor Inns is a general partnership existing under the laws of this State. The settled rule is that a partnership debt is a joint debt. *Palmetto Production Credit Association v. Will-*

*son,* 257 S. C. 13, 183 S. E. (2d) 565 (1971). Yet, a writer of significant moment has commented:

"On the other hand, if the creditor or obligee chooses to accept the several—instead of the joint, or joint and several —obligations of the partners, that may be done; and it is competent for the partners and the creditor to limit the liability of each partner to a several obligation which may not extend to the whole of the debt." Karesh, Partnership Law and The Uniform Partnership Act in South Carolina—Part II, 3 S. C. L. Q. 366, 407 (1951).

Professor Karesh cited as authority for his proposition *Welling v. Crosland,* 129 S. C. 127, 123 S. E. 776 (1924). Although *Welling* predates the adoption of the Uniform Partnership Act, where the Act does not approach the issue, the existing common law is expressly applicable. Section 52-5, Code of Laws, 1962.

The master concluded that the specified partners would not be liable beyond their investments for any partnership obligation to the plaintiffs. In essence, this construction creates limited partners, at least between the immediate parties, without compliance with the Uniform Limited Partnership Act. See Sections 52-102 and 52-103, Code of Laws, 1962. We cannot judicially condone this construction which would circumvent the purpose and the mandates of the Uniform Limited Partnership Act.

The trial judge held the proper construction of the Agreement was that the stated partners would be liable for any deficiency judgment *only* to the extent of their respective percentage shares in the partnership. We adhere to this construction and find common law precedent for its propriety in *Welling* in which each joint adventurer limited his liability, with knowledge and consent of the parties, to the percentage of his investment. We intimate no opinion and specifically reserve comment on attempted constrictions of partnership liability beyond the percentage shares of the in-

vestment in the partnership until that question is properly presented.

Finally, one of the partners asserted as an affirmative defense his release as an endorser pursuant to the Construction Loan Agreement when the rent roll reached a specified level. The trial judge held that the burden of proof was on the partners; the facts were peculiarly within the partner's knowledge; and, he failed to satisfy the burden of proof. We agree. See *Hoffman v. County of Greenville*, 242 S. C. 34, 129 S. E. (2d) 757 (1963); *Baker v. Mutual Loan & Investment Company*, 218 S. C. 47, 61 S. E. (2d) 387 (1950).

Our resolution of the issues herein renders the remaining exceptions either moot or without merit.

The findings of the trial judge relating to the order of remand to sufficiently establish the debt and the refusal to award judgment prior to sale of the mortgaged premises have not been appealed.

We, therefore, affirm the judgment of the trial court and remand for a determination of the outstanding balance on the indebtedness due plaintiffs including reasonable attorneys' fees, receiver's fee, and the costs of this action.

Affirmed and Remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.