21556

Clyde F. WHISENANT and Nancy L. Whisenant, Appellants, v. JAMES ISLAND CORPORATION and Piggly Wiggly Wholesale, Inc., Respondents.

(281 S. E. (2d) 794)

Morris D. Rosen and Marvin I. Oberman, Rosen, Oberman & Rosen, Charleston, for appellants.

P. Michael Duffy and Falcon Hawkins, Hawkins & Morris, Charleston, for respondents.

August 31, 1981.

HARWELL, Justice:

Clyde F. and Nancy L. Whisenant appeal from a verdict directed against them in their action to recover damages for the destruction of a "fast food" type building by the respondents James Island Corporation and Piggly Wiggly Wholesale, Inc. The verdict was directed at the conclusion of the evidence for the alleged failure of appellants to present enough evidence to permit the jury to determine the damages with reasonable certainty. We reverse.

In deciding a motion for a directed verdict, the court must consider the evidence in the light most favorable to the party resisting the motion and if more than one reasonable inference can be drawn from the evidence then the case must be submitted to the jury. *Fielding Home for Funerals v. Public Savings Life Insurance Company*, 271 S. C. 117, 245 S. E. (2d) 238 (1978); see, *Collins Cadillac, Inc. v. Bigelow-Sanford, Inc.*, 279 S. E. (2d) 611 (S. C. 1981).

Viewed in this light, we find sufficient evidence in the record to submit the issue of damages to the jury.

The Whisenants purchased a franchise for a fast food operation from Hamburgers of South Carolina, Inc. for $60,000 in 1971. Under the contract the Whisenants acquired ownership of the building and its equipment as well as assignment of a sublease to the portion of a shopping center on which the building was erected. The Whisenants had the right to remove the building from the site.

Clyde F. Whisenant testified that at approximately the same time, he acquired a similar franchise in the same geographic area for $40,000, but that unlike the one at the shopping center, he had no right to remove the second building from its site. At one time Clyde F. Whisenant apparently operated five Dairy Queen Stores in the Charleston area.

Whisenant stated that the building at issue was approximately 26 feet by 44 feet and was in essence a take-out restaurant. The building was constructed on a concrete slab; steel beams were set in the slab and covered by siding and plate glass.

By 1976, the Whisenants no longer operated the Johns Island Store. Meanwhile, the respondents had decided to expand the shopping center and sought to have the Whisenants remove their store building. Much controversy surrounds the events occurring throughout the next few months. For whatever reasons, however, the matter was apparently not resolved between the parties. Finally, the respondents unilaterally authorized the dismantlement of the building. The Whisenants assert that a building mover had been engaged and was ready to move the structure. The mover asserted at trial that he could have moved the building largely intact. The respondents have stored the equipment removed from the store and also the salvageable material from the building.

At the conclusion of the evidence, the respondents moved for a directed verdict. In granting the motion, the trial judge informed counsel for the Whisenants that they "needed [but had not offered] testimony from competent witnesses, experts,

somebody who knows, as to what the value of a building like that was, standing in its condition, for salvage purposes." We disagree.

Generally, in order for damages to be recoverable, the evidence should be such as to enable the court or jury to determine the amount thereof with reasonable certainty or accuracy. While neither the existence, causation nor amount of damages can be left to conjecture, guess or speculation, proof with mathematical certainty of the amount of loss or damage is not required. *Piggy Park Enterprises, Inc. v. Schofield,* 251 S. C. 385, 162 S. E. (2d) 705 (1968); *Gray v. Southern Facilities, Inc.,* 256 S. C. 558, 183 S. E. (2d) 438 (1971). We have established that a property owner, who is familiar with his property and its value, may give his estimate as to its value or the damage inflicted upon it even though he is not otherwise an expert. *South Carolina State Highway Department v. Wilson,* 254 S. C. 360, 175 S. E. (2d) 391 (1970).

We believe that an implication may reasonably be drawn from the testimony that the building in question was worth about $20,000 when the sublease was acquired, this amount being the difference between the two franchises purchased by the appellants at roughly the same time in the same area. The major distinction between the two leases assumed was that the one at issue provided for ownership of the premises. The testimony of the building mover at trial suggests that the ownership of the store implied more than ownership of mere salvage. The jury thus could find that the appellants suffered destruction of a valuable property and from the evidence determine a reasonable value for the building at the time of its destruction. See generally, 22 Am. Jur. (2d), *Damages* § 139 (1965).

Therefore, inasmuch as this is the only ground for a directed verdict which is specifically set forth by the trial judge and since no other sustainable ground appears in the record, we must reverse.

Lewis, C. J., and Littlejohn, Ness and Gregory, JJ., concur.