ZEHMER, Judge.
628 Harvard Associates appeals a final judgment holding the partners in Pensacola Warehouse, Ltd., severally, but not jointly, liable for damages arising out of the breach of a lease agreement. We affirm.
Plaintiff filed a complaint sounding only in contract, subsequently amended three times, against the limited partnership and its constituent general and limited partners for breach of a sale and leaseback agreement. Plaintiff moved for partial summary judgment as to the liability of the defendants. Defendants filed a motion for summary judgment on the same issue. The trial court entered an order providing, in relevant part, that:
1. Plaintiff's Motion for Partial Summary Judgment is denied.
2. Defendant’s [sic] Motion for Summary Judgment is granted and the respective responsibility for any damages that may be awarded in this cause, if any, of the individual partners is limited to the terms set forth in the agreement between the parties.
Counsel for both parties then stipulated to the amount of plaintiff’s total damages, and the court entered final judgment thereon.
*133 The sole issue on appeal is whether the respective partners may be held jointly liable in contravention of the limitation contained in paragraph 19.8 of the sale and leaseback agreement:
The provisions of this Article 19 notwithstanding, Tenant and the General Partners of Tenant, shall only be personally liable to Landlord upon any default or breach of this Lease to the extent set forth in Section 19.4; provided, however, that the said liability shall be several and not joint among the General Partners of Tenant and therefore each of the General Partners of Tenant shall be liable only to the extent of his proportional interest in Tenant (Tenant being a limited partnership) as more particularly set forth in that certain Certificate of Limited Partnership of Tenant filed with the Secretary of State of Florida on December 1, 1976.
(Emphasis added.)
Plaintiff contends that section 620.63, Florida Statutes (1972), establishes a public policy against permitting general partners from contracting away their statutory liability. This section reads:

Nature of partner’s liability.

All partners are liable:
(1) Jointly and severally for everything chargeable to the partnership under ss. 620.62 and 620.625.
(2) Jointly for all other debts and obligations of the partnership; but a partner may enter into a separate obligation to perform a partnership contract.
Section 620.62, Florida Statutes (1972), imposes liability as follows:
Partnership bound by partner’s wrongful act. — When loss or injury is caused to a person, not a partner in the partnership, or any penalty is incurred by a wrongful act or omission of a partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, the partnership is liable for it to the same extent as the partner so acting or omitting to act.
Section 620.625, Florida Statutes (1972), imposes liability as follows:
Partnership bound by partner’s breach of trust. — The partnership is bound to make good the loss:
(1) When one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it; and
(2) When the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by a partner while it is in the custody of the partnership.
Plaintiff argues that section 620.63 is in conflict with the terms of the lease agreement and thus requires that the partners’ liability be joint in addition to several.
We do not construe section 620.63 as prohibiting an exculpatory agreement limiting the liability of general partners in all cases. Whether the provisions of sections 620.62 and 620.625 must be applied in all claims in tort is not before us. In this case, plaintiff’s third amended complaint sounds entirely in contract; no tort claims are raised. We are not required, therefore, to decide whether the terms of the parties’ agreement would also serve to limit liability for the misuse of partnership funds, as argued by appellant in its brief.
We hold that section 620.63 does not preclude a contractual limitation of liability in respect to actions for breach of the lease agreement. We have been cited to no statutory prohibition against an individual partner limiting his liability in contract to another party to the contract in an arms-length transaction. It is well-established that when a particular contract is not prohibited under constitutional or statutory provision, or prior judicial decision, it should not be struck down unless it is clearly contrary to public policy. See Bituminous Casualty Corp. v. Williams, 154 Fla. 191, 17 So.2d 98 (1944). Although no Florida case is directly on point, decisions in other jurisdictions recognize the right of a general partner, under both the common law and the Uniform Partnership Act, to contractually limit his liability. See, e.g., *134 Demas v. Convention Motor Inns, 268 S.C. 186, 232 S.E.2d 724 (1977); Union Trust Co. of Maryland v. Poor & Alexander; 168 Md. 400, 177 A. 923 (1935). We find these cases persuasive.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.