[Cite as *PNC Bank, N.A. v. Farinacci*, 196 Ohio App.3d 677, 2011-Ohio-6072.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96134**

# PNC BANK, N.A.,

APPELLANT,

v.

# FARINACCI ET AL.,

APPELLEES.

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-709722

**BEFORE:**   Cooney, J., Kilbane, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   November 23, 2011

**ATTORNEYS:**

Weltman, Weinberg & Reis Co., Robert B. Weltman, and David S. Brown, for appellant.

Cannon, Aveni & Malchesky Co., L.P.A., and Paul R. Malchesky, for appellees.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant, PNC Bank, N.A. ("PNC"), appeals a judgment against defendants-appellees, Michael A. Farinacci and Claire Gruttadauria (collectively referred to as "appellees"), for the unpaid balance on their partnership's business line of credit. We find no merit to the appeal, and we affirm.

{¶ 2} PNC, successor in interest to National City Bank, brought this action against appellees to collect the unpaid balance on Washington Square Enterprises' business line of credit. The credit line was issued to a borrower identified as "Sam J. Strano, dba Washington Square Enterprises." In its complaint, PNC alleged that appellees, as general partners of Washington Square, were personally liable to it for Washington Square's debt. PNC later filed a motion to amend the complaint to add the other six general partners of Washington Square as defendants, but the motion was denied.

{¶ 3} Following a bench trial, the trial court entered judgment in favor of PNC and against appellees, separately, in the amount of $4,190.33 plus interest, each. In its journal entry, the trial court applied R.C. 1775.14 and found the general partners personally liable for Washington Square's debt, holding as follows:

> [T]he eight general partners of Washington Square Enterprises are only jointly liable, not jointly and severally liable, for the contract debt to PNC and

separate judgments on the breach of contract claims against Farinacci and Gruttadauria in the amount of one-eighth each of the entire debt are appropriate.

**{¶ 4}** PNC appeals from this judgment, raising three assignments of error.

Joint and Several Liability

**{¶ 5}** In the first assignment of error, PNC argues that the trial court erred in applying R.C. 1775.14 instead of R.C. 1776.36 to determine the extent of appellees' liability.

**{¶ 6}** PNC contends that the trial court should have applied R.C. 1776.36 because R.C. 1775.14 was repealed and replaced by R.C. 1776.36, effective January 1, 2010. These changes were made when the Ohio General Assembly passed the Ohio Uniform Partnership Act for the purpose of adopting the Revised Uniform Partnership Act. 2007 Ohio HB 332, 1. As part of this legislation, R.C. 1776.36 provides that "all partners are liable jointly and severally for *all obligations* of the partnership unless otherwise agreed by the claimant or provided by law." (Emphasis added.) Thus, PNC argues, the trial court should have applied R.C. 1776.36 and found the partners jointly and severally liable.

**{¶ 7}** However, R.C. 1776.95, which was also enacted as part of the Ohio Uniform Partnership Act, states that the act does not apply to partnerships formed prior to January 1, 2009, except under a few enumerated circumstances that are inapplicable here. R.C. 1776.95 provides:

> (A) Prior to the first day of January, 2010, this chapter governs the following partnerships:

(1) A partnership formed on or after the first day of January, 2009, except a partnership that is continuing the business of a dissolved partnership under section 1775.40 of the Revised Code;

(2) A partnership formed before the first day of January, 2009, that elects pursuant to division (C) of this section, to be governed by this chapter.

(B) On and after the first day of January, 2010, this chapter governs all partnerships.

(C)(1) On and after the first day of January, 2009, but prior to the first day of January, 2010, a partnership voluntarily may elect, in the manner provided in its partnership agreement or by law for amending the partnership agreement, to be governed by this chapter.

(2) The provisions of this chapter relating to the liability of the partnership's partners to third parties apply to limit those partners' liability to a third party who did business with the partnership within one year before the partnership's election to be governed by this chapter only if the third party knows or has received a notification of the partnership's election to be governed by this chapter.

{¶ 8} Washington Square was formed in 1978 with eight partners. There is no evidence that the partners agreed to be governed by the Ohio Uniform Partnership Act. PNC commenced this action in November 2009. Therefore, R.C. 1776.36 does not apply to Washington Square to extend the partners' liability.

{¶ 9} The law in effect at the time the obligation accrued governs the action. *Blair v. McDonagh*, 177 Ohio App.3d 262, 2008-Ohio-3698, 894 N.E.2d 377, ¶ 69. Evidence in the record indicates that Washington Square defaulted on the line of credit in June 2002. Thus, the court properly applied R.C. 1775.14, which was in effect at the time of Washington Square's default. Under R.C. 1775.14, partners are jointly, not jointly and severally liable, for the ordinary debts of the partnership. *Wayne Smith*

*Constr. Co., Inc. v. Wolman Duberstein & Thompson* (1992), 65 Ohio St.3d 383, 604 N.E.2d 157.

{¶ 10} Accordingly, the first assignment of error is overruled.

## Summary Judgment

{¶ 11} In the second assignment of error, PNC argues that the trial court erred in denying its motion for summary judgment. In its journal entry, the court noted that PNC sued the partners for unjust enrichment and that although the partnership benefitted from the unpaid balance, there was no evidence that the individual partners benefitted in the same amount. Therefore, the trial court concluded, "a genuine issue of material fact exists on at least that element of the claim."

{¶ 12} PNC contends that because R.C. 1776.36 attaches liability to all partners for *all* obligations of the partnership, the distinction between an unjust-enrichment claim and a contract claim is irrelevant. However, as previously explained, appellees are not jointly and severally liable pursuant to R.C. 1776.36 because R.C. 1776.95 limits its application to partnerships formed after January 1, 2009.

{¶ 13} Therefore, the second assignment of error is overruled.

## Extent of Partners' Interests

{¶ 14} In the third assignment of error, PNC argues that the trial court erroneously failed to consider the partners' ownership interests when determining the extent of appellees' liability. PNC contends that rather than dividing the debt equally among the

eight partners, the trial court should have apportioned the debt according to the percentage of each partner's ownership interest in the partnership.

{¶ 15} R.C. 1775.17, which was in effect at the time Washington Square defaulted on the line of credit, provides that unless the partners agree otherwise, partners share the partnership losses in the same proportion as they share in the profits. However, the allocation of liability for losses provided in R.C. 1775.17 applies only to the rights and duties of the partners to each other and is not relevant to partnership liability toward third parties. *Heinz v. Steffen* (1996), 112 Ohio App.3d 174, 185, 678 N.E.2d 264, citing *Deist v. Timmins* (1986), 32 Ohio App.3d 74, 513 N.E.2d 1382.

{¶ 16} In *Heinz*, Elden Heinz sued Grace Steffen, who owned a 3 percent share in MTE, a general partnership, to collect a judgment that he had obtained against MTE. The trial court granted summary judgment against Steffen, based on *Wayne Smith Constr. Co.*, 65 Ohio St.3d 383, 604 N.E.2d 157, and found Steffen liable for one-third of the total judgment against MTE, because MTE had three general partners.

{¶ 17} On appeal, Steffen argued that pursuant to R.C. 1775.14(B), the trial court should not have divided the judgment debt equally among the three partners. She claimed that she was liable only to the extent of her 3 percent ownership share in the partnership. The court rejected this argument and held:

> "Under partnership law, general partners are jointly liable for the contractual debts of the partnership * * *; and ordinarily, agreements among partners * * * to limit their liability are not binding on third parties dealing with the partnership."

*Heinz,* 112 Ohio App.3d at 186, 678 N.E.2d 264, quoting *Dominion Natl. Bank v. Sundowner Joint Venture* (1981), 50 Md.App. 145, 436 A.2d 501. Relying on *Dominion,* the *Heinz* court further explained:

> The court noted that where the creditor, in fact, knows of the limitation and consents to it, he then has made a special type of contract, agreeing not to look to the partners' joint liability for their full obligation. [*Dominion.*] However, absent actual knowledge and assent, the creditor would not be bound by the partners' attempt to restrict their liability. Accordingly, the court found that partners with even small respective shares (like Steffen), of two and a half and five percent would be jointly liable for partnership obligations. Id. at 167. See, also, *Demas v. Convention Motor Inns* (1977), 268 S.C. 186, 232 S.E.2d 724.

Id.

{¶ 18} PNC has offered no evidence showing that the Washington Square partners agreed to apportion liability to third parties according to their ownership shares in the business, much less evidence that it had notice of such an agreement when it extended the line of credit to Washington Square. "Joint liability apportions responsibility for a contractual debt equally, in the absence of a partnership agreement to the contrary." *Wayne Smith Constr. Co.,* 65 Ohio St.3d at 390-391, 604 N.E.2d 157. Therefore, the trial court correctly divided the partnership obligation equally among the eight partners.

{¶ 19} Accordingly, the third assignment of error is overruled.

Judgment affirmed.

KILBANE, A.J., and SWEENEY, J., concur.