**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charleston Pool and Spa, Appellant,

v.

John Moran and Teresa M. Moran, Respondents.

Appellate Case No. 2011-183946

―――――――――――――

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2013-UP-040
Heard December 11, 2012 – Filed January 23, 2013

―――――――――――――

**AFFIRMED**

―――――――――――――

Steven L. Smith, of Smith Closser, P.A., of Charleston, for Appellant.

Patrick J. McDonald, of The Law Offices of Patrick J. McDonald, of Daniel Island, for Respondents.

―――――――――――――

**PER CURIAM:** Charleston Pool and Spa appeals the circuit court's award of $14,410 to John and Teresa Moran arising from a dispute over the installation of a residential pool, spa, and concrete decking. Charleston Pool and Spa contends (1) the Morans failed to prove a breach of any non-contractual duty, (2) the Morans did not offer sufficient proof of damages, and (3) the economic loss doctrine

precluded the Morans' negligence claim.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the proof of a breach of duty: *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings."); *Hardaway Concrete Co. v. Hall Contracting Corp.*, 374 S.C. 216, 223, 647 S.E.2d 488, 491 (Ct. App. 2007) ("This court must determine whether any evidence reasonably supports the factual findings of the trial court.").

2.  As to the Morans' proof of damages: *Whisenant v. James Island Corp.*, 277 S.C. 10, 13, 281 S.E.2d 794, 796 (1981) ("Generally, in order for damages to be recoverable, the evidence should be such as to enable the court or jury to determine the amount therof with reasonable certainty or accuracy."); *id.* ("While neither the existence, causation nor amount of damages can be left to conjecture, guess or speculation, proof with mathematical certainty of the amount of loss or damage is not required.").

3.  As to the economic loss doctrine: *Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider.").

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**