**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Brad Marett, Respondent,

v.

Dallah Forrest & Summersett Golf, Inc., Appellants.

Appellate Case No. 2012-212012

--------

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

--------

Unpublished Opinion No. 2014-UP-033
Submitted October 1, 2013 – Filed January 22, 2014

--------

**AFFIRMED**

--------

H. Michael Spivey and Melissa D. Spivey, both of The Spivey Law Group, LLC, of Mauldin, for Appellants.

Joseph Bradley Bennett, of Salvini & Bennett, LLC, of Greenville, for Respondent.

--------

**PER CURIAM:**  Dallah Forrest and Summersett Golf, Inc. appeal the circuit court's order affirming the judgment of the magistrate's court.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in affirming the jury verdict from the magistrate's court: *Parks v. Characters Night Club*, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001) ("[This court] will presume that an affirmance by a [c]ircuit [c]ourt of a magistrate's judgment was made upon the merits where the testimony is sufficient to sustain the magistrate's judgment and there are no facts that show the affirmance was influenced by an error of law.  Therefore, unless this court finds an error of law, we will affirm the magistrate's holding if there are any facts supporting his decision."); *Whisenant v. James Island Corp.*, 277 S.C. 10, 13, 281 S.E.2d 794, 796 (1981) (holding for damages to be recoverable, the evidence should be sufficient to "enable the court or jury to determine the amount thereof with reasonable certainty or accuracy"); *Bowers v. Bowers*, 349 S.C. 85, 92, 561 S.E.2d 610, 614 (Ct. App. 2002) ("As a general principle, a landowner who is familiar with [his] property and its value, is allowed to give [his] estimate as to the value of the land and damage thereto, even though [he] is not an expert.").

2.  As to whether the circuit court erred by allowing Brad Marett to submit his proposed order a year after the hearing and adopting it as the final order: Rule 61, SCRCP ("[N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.  The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."); *McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) ("Appellate courts recognize . . . an overriding rule of civil procedure which says: whatever doesn't make any difference, doesn't matter.").

3.  As to the remaining arguments: *Hubbard v. Rowe*, 192 S.C. 12, 12, 5 S.E.2d 187, 189 (1939) ("[A]ll that this [c]ourt has ever required is that the questions presented for its decision must first have been fairly and properly raised in the lower [c]ourt and passed upon by that [c]ourt.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.  Further, although Appellants also argue they "won the appeal" because Respondent failed to file a brief, nothing in the South Carolina Appellate Court Rules requires this court to take such action.  Instead, Rule 208(a)(4), SCACR, provides this court

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

may "take such action as it deems proper" if Respondent fails to timely file a brief. In this case, we deem it proper to address the merits of the appeal as presented to this court in Appellants' brief.