**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robin Napier, individually and on behalf of all others similarly situated, Appellant,

v.

Mundy's Construction, Inc. d/b/a Mundy Construction, Respondent.

Appellate Case No. 2020-001103

―――――――――

Appeal From Aiken County
J. Cordell Maddox, Jr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2024-UP-114
Heard October 11, 2023 – Filed April 3, 2024

―――――――――

**AFFIRM IN PART, REVERSE IN PART, AND REMAND**

―――――――――

Anna Scarborough McCann and Justin O'Toole Lucey, both of Justin O'Toole Lucey, P.A., of Mount Pleasant, for Appellant.

David Allen Anderson, Carmen Vaughn Ganjehsani, and James Belford Robey, III, all of Richardson Plowden & Robinson, P.A., of Columbia, for Respondent.

―――――――――

**PER CURIAM:** In this construction defect case, Robin Napier, on behalf of herself and other homeowners (collectively, the Homeowners), appeals the trial court's order following a bench trial in which the trial court found Mundy's Construction negligent. The Homeowners argue the trial court improperly reduced the recoverable damages for wear and tear to the homes and the trial court erred in not finding Mundy's Construction, Inc. grossly negligent, which caused the statute of repose to bar recovery for sixty-two additional homeowners. We affirm in part, reverse in part, and remand.

1. The trial court erred in sua sponte reducing the amount of damages to account for fourteen years of wear and tear because some evidence must have been presented to support the damages award.[1] *See Vortex Sports & Entm't, Inc. v. Ware*, 378 S.C. 197, 208, 662 S.E.2d 444, 450 (Ct. App. 2008) ("[O]ur review of the amount of damages is limited to the correction of errors of law. In reviewing a damages award, we do not weigh the evidence, but determine if *any* evidence supports the award." (emphasis added)). No evidence was presented to support the award, nor did the trial court provide any explanation for the depreciation. However, on appeal, Mundy's Construction defends the trial court's ruling by asserting the depreciation was based on the trial court's review of the submitted photos of the units and Mundy's Construction's cross-examination of the Homeowners' expert witness, Dr. Allan Rhett Whitlock, P.E. *See Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 43, 691 S.E.2d 135, 146 (2010) ("[I]n order for damages to be recoverable, the evidence should be such as to enable the court or jury to determine the amount thereof with reasonable certainty or accuracy." (quoting *Whisenant v. James Island Corp.*, 277 S.C. 10, 13, 281 S.E.2d 794, 796 (1981))); *Moore v. Moore*, 360 S.C. 241, 255, 599 S.E.2d 467, 475 (Ct. App. 2004) ("The amount of damages cannot be left to conjecture, guess, or speculation; however, mathematical certainty is not required."). The submitted photos provide no evidence of wear and tear depreciation. Further, Mundy's Construction mischaracterizes Whitlock's testimony by asserting he identified other factors as the source of the damage on cross-examination. We find Whitlock's cross-examination to be consistent with the rest of his testimony, which supports the Homeowner's claim that any damage resulted directly from Mundy's Construction's failure to adhere to compaction requirements.

Further, under Rule 8(c), SCRCP, wear and tear needed to be affirmatively pled as an avoidance and supported by evidence presented by Mundy's Construction. *See Parrish v. Allison*, 376 S.C. 308, 327, 656 S.E.2d 382, 392 (Ct. App. 2007)

---

[1] "Wear and tear" is originally referred to as "use and depreciation" by the trial court.

("Generally, affirmative defenses to a cause of action in any pleading must be asserted in a party's responsive pleading."); *Hoffman v. Greenville County*, 242 S.C. 34, 39, 129 S.E.2d 757, 760 (1963) ("One who pleads an affirmative defense has the burden of proving it."). These requirements do not change when the court sua sponte invokes an affirmative defense or avoidance on behalf of a party. *See Heins v. Heins*, 344 S.C. 146, 152, 543 S.E.2d 224, 227 (Ct. App. 2001) ("It is well settled that ordinarily[,] a party may not receive relief not contemplated in his or her pleadings."); *Collins Ent., Inc. v. White*, 363 S.C. 546, 563, 611 S.E.2d 262, 270 (Ct. App. 2005) ("The failure to plead an affirmative defense is deemed a waiver of the right to assert it.").

Moreover, if an affirmative defense or avoidance requires the trial court to perform an accounting, it must be affirmatively pled so as not to prejudice the opposition by lack of notice. *See James v. Lister*, 331 S.C. 277, 283, 500 S.E.2d 198, 201 (Ct. App. 1998) (providing South Carolina case law requires "pleading matters [that] may prejudice the opposing party by introducing issues [that] may affect the proof at trial" (alterations in original)). Here, the Homeowners had no opportunity to present any evidence or to otherwise refute the depreciation for wear and tear.[2] Accordingly, the trial court erred in applying the depreciation for wear and tear because no evidence was presented upon which the trial court could have relied and despite the trial court's invocation of the avoidance sua sponte, wear and tear depreciation needed to be affirmatively pled as an avoidance so as not to prejudice the Homeowners. We reverse the trial court's award of damages and remand to the trial court for a recalculation of damages excluding any reduction for wear and tear.

---

[2] Homeowners also argue foundations are not depreciable. Although no South Carolina court has addressed this matter directly, California's Court of Appeals has held they are not, distinguishing foundations from depreciable goods. *See Hicks v. Kaufman & Broad Home Corp.*, 107 Cal. Rptr. 2d 761, 772 (Ct. App. 2001), *as modified on denial of reh'g* (July 3, 2001) (distinguishing the useful life a of a car to the "indefinite" useful life of a house's foundation); *see also Rutledge v. Hewlett-Packard Co.*, 190 Cal. Rptr. 3d 411, 426 (Ct. App. 2015), *as modified on denial of reh'g* (Aug. 21, 2015) (citing *Hicks* to support recovery for a malfunctioning computer no longer under warranty but still within its "useful life"). Based on our determination that the trial court erred in reducing the damages for the reasons described above, we need not address this. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (our appellate courts need not address remaining issues when the disposition of a prior issue is dispositive).

2.  The trial court did not err in finding Mundy's Construction was not grossly negligent or reckless for failing to adhere to the compaction requirements when the record contains evidence from which the trial court could find Mundy's Construction exercised slight care; the record does not contain any evidence Mundy's Construction was aware of the harm that would occur from inadequate compaction; and the record contains evidence from which the trial court could find Mundy's Construction's failure to exercise due care was not knowing or conscious. *See Pope v. Gordon*, 369 S.C. 469, 474, 633 S.E.2d 148, 151 (2006) ("The trial [court's] findings of fact will not be disturbed on appeal unless the findings are wholly unsupported by the evidence or controlled by an erroneous conception of the application of the law."); *Cole v. Boy Scouts of Am.*, 397 S.C. 247, 254, 725 S.E.2d 476, 479 (2011) ("'Due care' can be defined as 'that degree of care which a person of ordinary prudence and reason would exercise under the same circumstances.'" (quoting *Berberich v. Jack*, 392 S.C. 278, 287, 709 S.E.2d 607, 612 (2011))); *Clyburn v. Sumter Cnty. School Dist. No. 17*, 317 S.C. 50, 53, 451 S.E.2d 885, 887 (1994) ("Negligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care."); *Etheredge v. Richland School Dist. One*, 341 S.C. 307, 312, 534 S.E.2d 275, 278 (2000) ("[T]he fact that the [defendant] might have done more does not negate the fact that it exercised 'slight care.'"); *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 211, 723 S.E.2d 597, 607 (Ct. App. 2012) ("Recklessness implies the doing of a negligent act knowingly; it is a conscious failure to exercise due care." (quoting *Berberich*, 392 S.C. at 287, 709 S.E.2d at 612)); *id.* ("If a person of ordinary reason and prudence would have been conscious of the probability of resulting injury, the law says the person is reckless."); *Cole*, 397 S.C. at 247, 725 S.E.2d at 479 ("[R]ecklessness . . . may be inferred from conduct so grossly negligent that a person of ordinary reason and prudence would then have been conscious of the probability of resulting injury." (quoting *Yaun v. Baldridge*, 243 S.C. 414, 419, 134 S.E.2d 248, 251 (1964))).

Failing to comply with a building code alone is not gross negligence.  *See* S.C. Code Ann. § 15-3-670(B) (Supp. 2023) ("For the purpose of [the gross negligence or recklessness exception to the statute of repose] the violation of a building code of a jurisdiction or political subdivision does not constitute per se . . . gross negligence[] or recklessness[] but this type of violation may be admissible as evidence of . . .  gross negligence [] or recklessness.").  Accordingly, we affirm the

trial court's finding that Mundy's Construction's actions were neither grossly negligent nor reckless.[3]

3.  Because we find Mundy's Construction was neither grossly negligent nor reckless, the statute of repose barred actions for the additional sixty-two houses and there was no basis on which to award punitive damages.  *See* S.C. Code Ann. § 15-3-640 ("No actions to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property may be brought more than eight years after substantial completion of the improvement."); S.C. Code Ann. § 15-3-670 ("The limitations provided by [s]ections 15-3-640 through 15-3-660 are not available as a defense to a person guilty of . . . gross negligence[] or recklessness . . . in developing real property, in performing or furnishing the design, plans, specifications, surveying, planning, supervision, testing or observation of construction, [or] construction of, . . . in connection with such an improvement . . . ."); *Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (finding the trial court had no basis on which to award punitive damages when the defendant did not act with intent or gross negligence).  Therefore, we affirm the trial court's ruling that the statute of repose barred recovery for the sixty-two additional homeowners and that punitive damages were not to be considered.

---

[3] The Homeowners contend Tony Mundy Sr. falsely responded to the trial court's question of whether he was aware of the 98% compaction plan requirement, which compelled the trial court towards the single reasonable inference that Mundy's Construction was grossly negligent.  *See Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147 (2000) (wrongdoing may be inferred when a trier of fact reasonably believes a party provided a false or dishonest explanation for their actions).  The trial court, sitting as factfinder, was allowed to judge the credibility of a witness.  *See Lollis v. Dutton*, 421 S.C. 467, 483, 807 S.E.2d 723, 731 (Ct. App. 2017) ("In a bench trial, the judge, as the finder of fact, may believe all, some, or none of the testimony, even when it is not contradicted."); *Bivens v. Watkins*, 313 S.C. 228, 235, 437 S.E.2d 132, 136 (Ct. App. 1993) ("The judging of the credibility of witnesses and the weighing of evidence in a law case are uniquely functions of the trial court, not this [c]ourt."); *Gibbs v. G.K.H., Inc.*, 311 S.C. 103, 112, 427 S.E.2d 701, 706 (Ct. App. 1993) ("The trial [court], who saw and heard the witnesses, is better able to evaluate their credibility.").  Simply because the trial court could have found Mundy Sr. not credible for changing his answer at trial from his deposition, does not mean it was required to.  Therefore, we affirm this issue.

4. Regarding the issues of breach of warranty and limiting the intervention, neither was set forth in the Homeowners' Statement of Issues on Appeal, the Homeowners only address these issues in a summary fashion, and the Homeowners fail to cite any supporting case law for either issue. Accordingly, both issues are abandoned on appeal. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory."); see also *State v. Colf*, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998) (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned), *aff'd as modified on other grounds*, 337 S.C. 622, 525 S.E.2d 246 (2000). Moreover, because we find Mundy's Construction was not grossly negligent, the trial court's limiting of the intervention did not prejudice the intervenors. *See S.C. Tax Comm'n v. Union Cnty. Treasurer*, 295 S.C. 257, 262, 368 S.E.2d 72, 75 (Ct. App. 1988) ("To warrant intervention under Rule 24(b) an applicant should ordinarily show . . . he has a claim or defense involving a question of law or fact in common with the main action. A mere general interest in the subject matter of the litigation is not sufficient."); *Stoney v. Stoney*, 425 S.C. 47, 63, 819 S.E.2d 201, 210 (Ct. App. 2018) ("'Generally, the rules of intervention should be liberally construed where judicial economy will be promoted by declaring the rights of all affected parties.' [The appellate] court 'should consider the practical implications of a decision denying or allowing intervention. . . . The granting of intervention is wholly discretionary with the trial court and will be reversed only for abuse of discretion.'" (quoting *Ex parte Gov't Emp.'s Ins. Co.*, 373 S.C. 132, 138, 644 S.E.2d 699, 702 (2007))).

Therefore, we reverse and remand the trial court's calculation of damages. We affirm the trial court's finding Mundy's Construction was not grossly negligent and as a result, the statute of repose barred the actions for the sixty-two additional homeowners and the Homeowners could not recover punitive damages. The issues concerning implied warranty and the motion to intervene are not properly before this court.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**