By the Court :
The facts stated in the answer are substantially made out by the exhibits. It appears that there is real estate belonging to the late firm of Perrin & Gibbs, which the complainant may resort to, if the property already levied on should prove insufficient. This being the fact, the bill can not be sustained. The statute authorizes a judgment creditor to resort to the chancery side of the court, to reach property or money in the hands of third persons, when the defendant has not real or personal property sufficient to satisfy the judgment, which can be taken in execution. This provision was made to prevent a failure of justice, and is to be resorted to only in cases of necessity. That necessity ought to be apparent, to give jurisdiction to this court. On the point, whether the facts on which the jurisdiction of the court depends, must be specially stated in the bill or not, there has been, and still is, a diversity of opinion among -the members of the court. But it is presumed, there can be but *one opinion, whether the facts must not be fully made out, at the hearing, in order to sustain the bill. In this respect, wo think there has been a total failure on the part of the complainant. He admits that he has an execution levied on real property, not yet *273 disposed of, the proceeds of which can not be now known, and it is in proof that there is other property not levied on.
But there is another objection to the relief prayed. Equity will not lend its aid to subject the separate property of a partner to the payment of partnership debts while the joint property of the firm is unexhausted. That is the proper fund for the payment of partnership debts, and must be resorted to before the separate funds of the partners can be reached, through the agency of this court.
Bill dismissed.