Jones, J.
 

 Was the plaintiff in the Ohio suit entitled to maintain its action against the individual partner under Section 11651, General Code, without alleging in its petition that the partnership had no property sufficient to satisfy its judgment?
 

 The judgment secured in the Alabama court was a judgment against the partnership in its.firm name. The property of the individual partner cannot be sequestered by execution thereon if satisfaction can be obtained out of the partnership assets. Section 11664, General Code, provides as follows:
 

 “An execution on a judgment rendered against a partnership firm by its firm name shall operate only on the partnership property.”
 

 Section 11651, General Code, provides:
 

 “The members of a partnership, against which a judgment has been rendered by its firm name may be made parties to the judgment by action.”
 

 Both of those sections have their origin in the act regulating suits by and against partners, passed
 
 *250
 
 February 27, 1846 (44 O. L., 66, Sections 2 and 4). Section 2 of the original act provided that executions issued on partnership judgments should operate only on partnership property. Section 4 provided that if a plaintiff sought to charge the individual property of persons composing a firm, plaintiff could file a bill in chancery against its members, setting forth his judgment “and the insufficiency of the partnership property to satisfy the same.” In the revision of 1880, Sections 2 and 4 of the original act were incorporated in the Revised Statutes, and were given separate numbering. The provisions of Section 2 are now found in Section 11664, Q-eneral Code, while Section 4, embracing the authority to charge the individual partner, was incorporated in the revision as Section 5370, Revised Statutes, which is now Section 11651, Qeneral Code. In. the revision the requirement that the creditor must allege the “insufficiency of the partnership property to satisfy” the judgment was omitted; but the provision of Section 2 of the original act was, in the revision, permitted to remain without substantial alteration. There is no doubt but that prior to the revision a creditor obtaining judgment against a partnership,' who thereafter sought to charge the individual partner, was required to allege and prove that the partnership property was insufficient to satisfy the judgment. It was so held by the Nebraska Supreme Court in construing an act similar to our own.
 
 Ruth
 
 v.
 
 Lowry,
 
 10 Neb., 260, 4 N.
 
 W.,
 
 977;
 
 Leach
 
 v.
 
 Milburn Wagon Co.,
 
 14 Neb., 106, 15 N. W., 232.
 

 The rule generally applicable to earlier acts undergoing revision has been often stated by this
 
 *251
 
 court. In
 
 Conger
 
 v.
 
 Barker’s Adm’r.,
 
 11 Ohio St., 1, referring to the rule peculiarly applicable to revised statutes, it was stated, at page 13:
 

 “It is a well settled rule that in the revision of statutes neither an alteration in phraseology, nor the omission or addition of words, in the latter statute, shall be held necessarily, to alter the construction of the former act. And the court is only warranted in holding the construction of a statute when revised, to be changed, where the intent of the Legislature to make such change is clear, or the language used in the new act plainly requires such change of construction. Such was the holding of this court at the last term, in the case of
 
 Ash
 
 v.
 
 Ash and others,
 
 9 Ohio St., 387. See also
 
 [Van Camp
 
 v.
 
 Board of Education of
 
 Logan] 9 Ohio St., 418, for the authorities there cited.”
 

 And in
 
 State ex rel. Clough
 
 v.
 
 Comr’s. of Shelby County,
 
 36 Ohio St., 326, a part of the syllabus reads as follows:
 

 “Where an act of the Legislature, or several acts
 
 in pari materia,
 
 have undergone revision, the same construction will prevail as before revision, unless the language of the new act plainly requires a change of construction, to conform to the manifest intent of the Legislature.”
 

 See, also,
 
 German American Ins. Co.
 
 v.
 
 McBee,
 
 85 Ohio St., 161, 173, 97 N. E., 378.
 

 Construing the provisions of both Sections 11651 and 11664, General Code, and giving a practical effect to each, we are unable to say that in the revision of the early partnership act there was any intention on the part of the Legislature of .empowering a firm creditor to make the individual
 
 *252
 
 partner a party to the firm judgment without pleading and proving that there was insufficient partnership property to satisfy the judgment.
 

 Since there appears to be no allegation in the petition in the Ohio suit that the partnership property was insufficient to satisfy the. judgment, the petition did not state a cause of action against Hall, the individual partner, and the latter’s demurrer to the petition should have been sustained.
 

 The judgments of the lower courts are reversed and the cause remanded to the common pleas court for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Allen, Kinkade, Robinson and Matthias, JJ., concur.