## SIMON et v RUDNER

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 11, 1932

J. J. McCall, Canton, for defendant in error.

SHERICK, PJ.

The question therefore presented is, Can a demand against a partnership be set off against a claim of a member of the firm? It is conceded that the answer to this question is dependent upon the solution of a second query, that being, Is a liability of a partner in this state joint, or is it joint and several?

Plaintiffs in error say that the courts of this state have never directly determined the second inquiry. They recognize as sound law the holding of the court, made in Stewart v Terwilliger, 177 Mich., 313, 143 NW, 17, Ann. Cas. 1915C, 808, that, in those jurisdictions wherein the liability of partners is joint and not several, a partnership debt cannot be used as a set off against the claim of a partner individually.

They further proceed to call our attention to 20 Ruling Case Law, 913, wherein it is recited: "At common law partnership contracts were construed as being joint only and not joint and several, * * * but the rule generally accepted today is that such liabilities are both joint and several, and that the promise of a copartnership is joint as to all the members and several as to each."

And we are now requested to adopt this general rule.

But reading further on in this Section 125, Ruling Case Law, from which quotation is made, we find it said: "Many states have, by statute, made all contracts which were joint at common law both joint and several."

We must necessarily, therefore, concern ourselves with whether or not our Legislature has spoken in regard thereto.

Sec 11319, GC, provides: "A set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action, and arising on contract or ascertained by the decision of a court. It can be pleaded only in an action founded on contract."

It must be perceived that this section does not embody the word "joint" or the words "joint and several." The statute is in fact a restatement of the rule at common law.

Turning now to §11299, GC, which is found under the title of "Commencement of Action," and to which we allude for the reason that all partners are here served with summons on the cross-petition, we find it provided: "When service has been made on one or more defendants, but not on all, the plaintiff may proceed as follows: 1. If the action is against defendants jointly indebted upon contract, against the defendant served, unless the court otherwise directs."

Under this section we conceive situations where one should be permitted to prosecute

a joint obligation as against an individual; per example, a surviving partner, or a partner who has assumed his firm's obligation; or where the partnership is bankrupt or insolvent or a partner is outside the state and cannot be personally served. The cross-petition herein makes no such allegation; and it does therefore appeal to us that the phrase of this statute, "unless the court otherwise directs," has special significance in view of the cross-petition's lack of averment of facts sufficient to warrant the trial court in recognizing a right in the Simons to the privilege afforded by this section, and which it was intended to protect. And even though the partners were served with summons on the cross-petition, we see no warrant for judgment against them or for allowance of such a set-off against the plaintiff.

Further, in the Ohio statutes pertaining to Commercial Regulations, the Division on Partnerships, the third subdivision thereof, §§8079 to 8084, GC, inclusive, appear, under the title of "Discharge of a Joint Debt (Debtor)." These sections pertain to the right of a partner, when the partnership has been dissolved by mutual consent or otherwise, to make a separate composition or compromise with any of its creditors, by which he may be discharged from further liability on the firm's debts, but which shall not release other partners. A careful reading of these sections and an appreciation of the language therein employed convinces us that the Legislature in their enactment approved of and recognized the common-law rule that partnership debts are joint obligations. The first sentence of §8084 GC is most compelling to this conclusion in that it is provided that: "The foregoing provisions in reference to partners shall extend to other joint debtors."

We believe that attention may profitably be directed to four cases considered by our Supreme Court. In **Miller & Co. v Florer**, 19 Oh St, 356, 361, the court said: "At law a joint demand cannot be set off against one that is separate, and this is the general rule in equity as well as at law. * * * The defendants below could not set off the joint liability of Ellis & Sturges against a separate demand of Sturges upon them."

In **Second Natl. Bank of Cincinnati v Hemingray**, 34 Oh St, 381, it is held: "The general rule in equity, as at law, is, that joint debts can not be set off against separate debts, unless there be some special equity justifying it."

The case of **Bazell v Belcher**, 31 Oh St, 572, has been advanced by both parties to this action. The court therein, considering what is now §11299, GC, said: "In an action upon a joint contract, all who are jointly liable must be joined. In this respect the rule of the common law has not been changed by our code. * * * We do not understand that this section was intended to modify the common law practice."

A further section, §10733, GC, repealed, and now re-enacted as §10509-139, GC (114 Ohio Laws, 432), is worthy of notice. It provides that: "When two or more persons are indebted in a joint contract, * * * and either of them dies, his estate shall be liable therefor as if the contract had been joint and several."

This section was no doubt enacted to alleviate the harsh rule of the common law that death of a joint maker of an obligation extinguished all remedy at law against his estate. The words of the statute are significant in that a joint obligation is recognized to have existed prior to the partner's death. Now, the court in the case of **Weil v Guerin**, 42 Oh St, 299, wherein Guerin sued Weil as the surviving partner of Walker & Weil, considered this section along with what is now §11258, GC, and held at page 302: "The firm of Walker & Weil being indebted as partners to Guerin for services rendered to and for them, the indebtedness was joint, and, under the former practice, on the death of Walker, Guerin's only remedy at law would have been a suit against Weil as surviving partner. But by the statute a change in this respect was effected, so that on the death of Walker and the appointment of his administrator, the debt became, in effect, a joint and several obligation, and Guerin had an election to sue Weil as surviving partner of Walker, or Delatombie as administrator of Walker, or both the surviving partner and the administrator."

The parties to this action suggest no other section of our statutory law that would have a bearing on the question presented, and our own search does not so disclose; but from the intent of the Legislature, which seems to us clearly indicated by its repeated recognition of the principle that a partnership contractual obligation is a joint responsibility as it existed at common law, and from the fact that the courts of this state have so uniformly held to the rule as herein indicated, we are drawn to the conclusion that Ohio is not to be found among the list of those states which have, by legislative enactment or judicial decree, made a partnership obligation a joint and several one.

And having regard for the indirect repeated legislative recognition of the rule

long existent, it now appeals to us that a departure therefrom should only come through legislative channels and not by any court-made law.

It is therefore the judgment of this court that a partnership obligation in Ohio is joint, and not joint and several, and that the demurrer in this case was properly sustained.

Judgment affirmed.

LEMERT and MONTGOMERY, JJ, concur.