## PACE v PACE et

Ohio Appeals, 5th Dist, Stark Co

Decided Dec 31, 1936

Black, McCuskey, Ruff & Sauers, Canton, and Donald K. Merwin, Canton, for appellant.

Amerman & Mills, Canton, for appellee.

214

## OPINION

By SHERICK, J.

In 1916, four brothers, Samuel F., William S., Frederick D., and George W. Pace, constituted a partnership known as "Pace Bros." On May 9th of that year "Pace Brothers by W. S. Pace" executed and delivered to George W. Pace a judgment or cognovit note for $4,000 payable on demand. On May 8, 1931, Lou Pace, widow of George W. Pace, as the then owner and holder thereof, commenced an action thereon, in the short form countenanced by the code, against Samuel F. Pace, William S. Pace, and Pace Bros., a co-partnership. Personal service was had upon Samuel Pace, and service was also made upon him for the partnership. William Pace was not served personally. He thereafter died on May 26, 1931. On June 8, 1931, Samuel Pace filed his separate answer to this petition and averred that the co-partnership had long since been dissolved (in 1917); that Pace Bros. was never indebted in any sum to George Pace; that the note was given without consideration and for the sole accommodation of George Pace; and further. The allegations of the petition were generally denied. The issue made by these pleadings was never tried.

Thereafter, on September 17, 1931, plaintiff procured new counsel who caused to be filed an answer, upon the warrant of attorney appearing in the note, and confessed judgment in her favor and against the partnership in the sum of $7,680. Upon the same day judgment was entered against the partnership. No motion for a new trial was ever filed, or an attempt made to vacate this judgment, or error prosecuted therefrom. Next in the sequence of events, it transpired that in June of 1933 the plaintiff procured an order in aid of execution, attaching the bank deposits of Samuel Pace. Promptly upon motion this order was rescinded.

The plaintiff, again having obtained new counsel, did, on May 10, 1935, file in this cause what is denominated as an amended petition against Samuel Pace upon which he was served with summons. This pleading was filed under favor of §11651, GC, which prescribes that:

"The members of a partnership, against which a judgment has been rendered by its firm name may be made parties to the judgment by action."

It was averred in this pleading that a judgment against Pace Bros. had been obtained in this proceeding and that the same was in full force and effect and wholly unsatisfied; that at the time of its rendition the firm was composed of Samuel F. and William S. Pace, the latter having since died insolvent, and that Samuel F. Pace is the only surviving partner. To this pleading Samuel F. Pace made answer consisting of four defenses. The judgment against Pace Bros. is first admitted but it is alleged that the same is wholly void; that the court was without jurisdiction over the person of Pace Bros., a partnership, and without power to render a valid judgment. As a second defense the appellant recites the filing of his answer in June of 1931, and that the issues made thereby are still pending and have never been adjudicated. The third defense alleged that the partnership consisted of the four brothers, that it suffered financial reverses in 1916, and that its assets were taken over by firm creditors, and by reason thereof and the death of George W. Pace it was dissolved and had ceased to exist at the time judgment was entered against it. The fourth defense reasserts that the confession judgment was void and that, in substance, William S. Pace was unauthorized by the firm or by him in the execution of this note and that, therefore, it and he were not bound thereby. To this answer the plaintiff replied, denying the new matter and averring that Samuel Pace had never moved to vacate this judgment or prosecuted error therefrom; that, knowing thereof, he was guilty of laches and is now estopped to deny the judgment's validity against the partnership and against him individually.

The cause proceeded to trial to the court upon the amended petition, answer and reply, and resulted in a judgment adverse to appellant, from which an appeal to this court is now prosecuted. Some seven grounds of error are alleged.

Before proceeding further it must be conceded from the evidence adduced that the partnership, at the time of the execution of the note, consisted of the four brothers. The trial court found that the judgment entered on the warrant of attorney was irregular but not void, and being voidable and not attacked in season, that the present

question was not a direct but an attempted collateral attack thereon which could not be countenanced. The principal error argued lies in that the judgment appealed from is contrary to law. This question is dispositive of the entire controversy and is the only one with which we shall be concerned.

Inasmuch as counsel entertain some doubt as to the precise character of this action under §11651, GC, we would point to **Hawkins v Lasley, 40 Oh St 37**, which says that such action is not upon a liability created by statute, or an action on a judgment, but, as said in **Hall v Oldfield Tire & Rubber Co., 117 Oh St 247, 158 NE 191**, the action was created under the act of February 27, 1846 (44 Ohio Laws, 66, §4) which is the predecessor of the present General Code section. The section originally prescribed that a judgment creditor of a partnership could, under the act, file a bill in chancery against the individual firm members to make them a party to the action. The statute is therefore creative of an equitable remedy and requires dispensation of equitable relief which the law did not recognize. The holding of the Hall case is of passing interest in that the amended petition in the case at bar does not aver that "the partnership had no property which would satisfy the judgment, or that any execution had been issued against such property and had been returned unsatisfied." This pleading, however, was not objected to and any such omission is supplied by the appellant's admission in its pleading and evidence offered.

As previously noted, the trial court decided this cause upon purely legal principles. It is our judgment, however, that this action must be decided upon equitable grounds. The predecessor of §11651, GC, recognized that the law afforded no relief to partnership judgment creditors as against the individuals comprising the firm. It recognized that the equitable remedy of a bill in equity in such case did exist. It declared so by statute and said that such a creditor might file a bill in chancery. The court in the Hall case adheres to the rule of **State ex Clough & Co. v Commissioners of Shelby Co., 36 Oh St 326**, wherein it was held:

"Where an act of the Legislature, or several acts in pari materia, have undergone revision, the same construction will prevail. as before revision, unless the language of the new act plainly requires a change of construction, to conform to the manifest intent of the Legislature."

We do not find that the language of the new acts require any change of construction. It then plainly prescribes a bill in chancery. It still remains a suit in equity. If the judgment creditor is entitled to the relief sought it must be upon equitable grounds.

When appellee commenced her original action she elected to sue the firm and two of the members individually upon the note as if it contained no warrant of attorney to confess judgment against the partnership. She knew or must have known the rule of law, which the appellee now concedes to be the law of this state, that one partner has no implied authority to confess a judgment against the partnership which would bind a non-consenting partner. When plaintiff selected her form of procedure and the remedy incident thereto she invited the appellant to show cause why a judgment to be rendered against the firm should not be binding upon him. He accepted that challenge and promptly filed his answer, averring that the partnership had ceased to exist, hence, the entity being dead, there was no one empowered to act for it. He generally denied the obligation, and further advanced the recognized legal defense of no consideration. By her own choice she commanded the appellant's presence and lulled him into security in thinking that the issues made by the pleadings were to be determined in a court contest. But after the issues were made plaintiff concluded to and did abandon her original form of action. She procured an attorney to confess a judgment against the partnership. Was it the duty of appellant to daily watch the court docket to protect himself by motion for new trial, as against an unexpected change of procedure and remedies? We think not. She did not amend her pleading or take judgment against the partnership by default, but, just as if her action had never been commenced, caused judgment by confession to be entered after fifteen years from the date borne by the note.

We do not desire to be misunderstood. We recognize the liberality in pleading engaged in under code pleading. We do not hold an action on a cognovit note in the simple form of an action on a note to be inconsistent with a judgment on warrant of attorney in the same action, for

both procure the same result and may be done in the same court; but we do point out that the first may be brought only where the debtor resides or service may be made upon him, while in judgments by confession the same may be pursued without summons in any county of the state. This court simply holds that when plaintiff once selected her forum, her form of procedure and her remedy, appellant had a right to the assumption that such would be pursued; and that she had no right thereafter, without dismissal, amendment or notice, to pursue another course and thereby attempt to ignore him and procure a judgment which might thereafter, by a special proceeding after judgment, under favor of §11651, GC, be eternally binding against him.

Two years later resort was had to a proceeding in aid of execution. When Samuel Pace contested that move and prevailed, a second two-year interval appears before the controversy was resumed and relief obtained on purely legal ground. The entire matter rather suggests persistence than vigilance, and calls upon this court, which fails to see the applicability of the legal rules of the sanctity of a judgment known to be voidable, insufficient and unconscionable when procured, upon the theory of collateral attack. This court considers that in this proceeding it sits as a court of equity to do justice between the parties and not to lend its aid when justice otherwise directs.

In **Becker v Walworth**, 45 Oh St 169, 12 NE 1, the election of remedies was under consideration. The court therein made this pertinent comment:

"Indeed it is apparent that no general rule can be given, but that every case must be left to be determined upon its own particular circumstances."

This court is not asked by this proceeding to render judgment contrary to a judgment entered, even though it be irregular, but is requested to make Samuel Pace a party thereto upon strictly legal grounds. Equity abhors injustice and renders its aid where the law may not enter. The particular circumstances of this action calls for a finding of this court that even if the appellant delayed in formally attacking this judgment in legal fashion, appellee cannot be found diligent after four or five years in pursuing the present course. The parties being equal under this general rule

of equity, the appellee may not prevail on the theory of diligence or lack thereof.

In that justice may be arrived at between the parties, it is ordered that the judgment be reversed and the cause remanded to the trial court with instruction to hear and determine the issues made or to be made between the parties upon the original petition and the answer of the appellant.

Judgment reversed and cause remanded.

LEMERT, PJ, and MONTGOMERY, J, concur.