19288

PALMETTO PRODUCTION CREDIT ASSOCIATION, Appellant, v. Woodrow WILLSON and William W. Kitchens, d/b/a Double W Farm, Respondents.

(183 S. E. (2d) 565)

*W. K. Charles, Esq.* of *Charles & Charles,* Greenwood, *for Appellant,* cites:

*Frank E. Harrison, Esq., of McCormick, for Respondents,* cites:

September 22, 1971

BUSSEY, Justice.

The defendants in this action are a copartnership engaged in the operation of a cattle farm in McCormick County, one

of them being a resident of Edgefield County. The defendants delivered to the plaintiff their certain promissory note, secured by a security agreement pledging cattle and farming equipment of the partnership, and also by a mortgage on real property in Edgefield County owned by the defendant Willson. This action was instituted to foreclose the real estate mortgage; to obtain a judgment against the partners for indebtedness due, and to effect a sale of the mortgaged real property and pledged chattels; and the application of the sale proceeds to the indebtedness due the plaintiff.

What responsive pleadings, if any, the defendant Willson served is not disclosed by the record, but the defendant Kitchens filed a separate answer and a counterclaim. In the counterclaim he admitted the execution of the note by the partnership, secured as aforesaid, and alleged that the partnership was carrying on its cattle operation and secured operating funds from the plaintiff. That plaintiff kept control of the accounts; and a contractual agreement was made between the plaintiff and defendants whereby plaintiff would pay all operating expenses of the business; would receive the income from the sale of cattle; and had control of the size of the operation and the amount of money spent; and that the defendant Kitchens was, in fact, acting as agent of plaintiff in the operation of the said farm. He demanded an accounting of the plaintiff, alleging that the plaintiff had failed to pay the obligations of the partnership operation and that as a result of the breach by the plaintiff of the contractual agreement the defendant Kitchens' credit had been injured, his business reputation destroyed, and his prospects for future business dealings injured to his damage in the sum of $25,000.00, which he sought to recover.

The appeal is from an order of the lower court overruling a demurrer of the plaintiff to the defendant Kitchens' counterclaim, which was interposed on three asserted grounds. Only two of these are argued on appeal and the consideration by us of only one of these is necessary to a proper disposition of the appeal. Briefly stated, it is the contention of

the appellant that under the facts here involved the one partner, Kitchens, could not properly interpose an individual counterclaim. We agree.

The lower court and counsel for respondent concede that ordinarily an action brought on a partnership debt or contract is a joint action wherein one defendant partner cannot interpose an individual counterclaim. The lower court, however, held that the instant case was distinguishable in that the plaintiff's action was based on a promissory note of the defendant partners and that "This type of action is joint and several and either of the defendant partners can properly interpose an individual counterclaim as long as the counterclaim is within the rule of the statute." His Honor's holding in this respect was apparently predicated upon the case of *Plyer v. Parker,* 10 S. C. 464. That case is, we think, clearly distinguishable. Promissory notes were there involved, but the co-makers were not partners.

It is settled, we think, by a number of cases that in an action against a partnership, an individual claim of a partner against the plaintiff cannot be set up as a counterclaim, because wanting the essential element of mutuality, as the partnership and the individuals composing it are distinct entities at law. The settled rule is that a partnership debt is a joint debt, and not joint and several, and an action thereon must be joint and all the parties must be joined as parties in an action upon such obligation. Just as the liability of partners on a firm contract is joint so are the rights of the partners. *White v. Jackson,* 252 S. C. 274, 166 S. E. (2d) 211; *Lyles v. Collins,* 170 S. C. 27, 169 S. E. 666; *Pope Mfg. Co. v. Welch,* 55 S. C. 528, 33 S. E. 787; *Whitfield v. Hovey,* 30 S. C. 117, 8 S. E. 840.

No case has been cited or come to our attention holding that a partnership debt becomes other than a joint one by virtue of the mere fact that such debt is evidenced by a promissory note It might not be amiss to point out that here,

in addition to the defendants being sued on a joint obligation, the counterclaim itself is based on the alleged breach by the plaintiff of a contract with the partnership, giving rise to a joint right of the partners. The common law rule, that a partnership debt is a joint debt, consistently followed in our decisions, has now become statutory. The promissory note involved is clearly the joint, and not the several, liability of the partners by virtue of Sec. 52-27 of the 1962 Code of Laws, which provides, with certain exceptions not here pertinent, that

"All partners are liable: * * * Jointly for all other debts and obligations of the partnership; * * *."

For the foregoing reasons, appellant's demurrer should have been sustained, and the judgment of the lower court is, accordingly,

Reversed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.