22393

Fred Joseph MANSOUR, d/b/a Mansour's Liquors, Respondent, v. Sara MASSEY, Sam Fortson, Paul Noe and Franklin W. Leake, Defendants, of whom Franklin W. Leake is, Appellant. Appeal of Franklin W. LEAKE.

(336 S. E. (2d) 15)

Supreme Court

*Robert M. Ariail* of *Mitchell & Ariail,* Greenville, *for appellant.*

*Kenneth E. Sowell,* Greenville, *for respondent.*

Heard Oct. 8, 1985.

Decided Oct. 25, 1985.

NESS, Chief Justice:

Respondent Mansour brought suit against four defendants to recover a debt for liquor sold. Three of the defendants were never served. The trial judge granted an involuntary nonsuit without prejudice as to the three defendants not served, and entered judgment against appellant Leake. We reverse.

The complaint seeks recovery against four defendants, purportedly on the basis of a joint and several debt. Mansour's testimony was ambiguous as to whether he sought recovery against the defendants individually or on the basis of partnership liability. Leake asserted the debt was a corporate debt. The trial judge found the capacity of the parties

was unclear, but he granted judgment in full against Leake based on his personal liability for partnership debts.

Individual partners are jointly liable for partnership debts. S. C. Code Ann. Section 33-41-370(2) (1976). All partners must be joined in an action for a partnership debt. *Palmetto Production Credit Association v. Wilson*, 257 S. C. 13, 183 S. E. (2d) 565 (1971); *White v. Jackson*, 252 S. C. 274, 166 S. E. (2d) 211 (1969).

The trial judge erred in entering judgment against Leake in the absence of the other partners. The judgment below is reversed.

Reversed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.