WAYNE SMITH CONSTRUCTION COMPANY, INC., APPELLEE, *v.*
WOLMAN, DUBERSTEIN & THOMPSON ET AL., APPELLANTS.

[Cite as *Wayne Smith Constr. Co., Inc. v. Wolman, Duberstein
& Thompson* (1992), 65 Ohio St.3d 383.]

(No. 91–1479—Submitted September 15, 1992—Decided December 14, 1992.)

*Luper, Wolinetz, Sheriff & Neidenthal, Mark J. Sheriff, Jack L. Stewart* and *Eugene R. Butler,* for appellee.

*Strip, Fargo, Schulman & Hoppers Co., L.P.A., A.C. Strip* and *Nancy A. Novack,* for appellants.

HOLMES, J.

## I

Appellants contend that Smith Construction is barred by the principle of *res judicata* from executing on their personal assets in order to satisfy the outstanding debt of the partnership. According to their reading of the South Carolina Court of Appeals decision, the individual partners of Wolman, Duberstein & Thompson were absolved of any liability, joint or several and, therefore, their personal property is not subject to execution. Consequently, appellants maintain that the Full Faith and Credit Clause of the United States Constitution requires that the South Carolina judgment be given preclusive effect in the courts of Ohio. Clause 1, Section 1, Article IV of the United States Constitution.

As indicated by the language of the decision quoted *supra,* the South Carolina Court of Appeals spoke in terms of the liability of the partners "as individuals." In the present context, this language is somewhat ambiguous; specifically, did the South Carolina court determine that since the partners had not contracted in their individual capacities, Smith Construction could not obtain satisfaction of the entire debt from any one partner (*i.e.,* no several liability)? Or did that court hold that the partners' personal assets were not available to satisfy any portion of the outstanding debt (*i.e.,* no joint liability)? In their briefs on the merits and in oral argument before this court, appellants maintain that the latter is the proper interpretation of the South Carolina

Court of Appeals decision. We believe that appellants' position mischaracterizes that court's decision.

Under South Carolina law, although a partnership is an entity separate and distinct from the persons who compose it, this does not mean that the partnership may sue or be sued in its own name.[1] *Marvil Properties v. Fripp Island Dev. Corp.* (1979), 273 S.C. 619, 258 S.E.2d 106. Before an action against a partnership may properly be commenced, the plaintiff must name as defendants the individual partners as well as the partnership. Accordingly, the South Carolina lawsuit was postured as an action against "Wolman, Duberstein and Thompson, an Ohio general partnership consisting of Herbert P. Wolman, James S. Duberstein and Kenneth E. Thompson."

South Carolina common law also requires that a partnership judgment creditor first exhaust partnership assets before proceeding against the individual property of the partners. *Blair v. Black* (1889), 31 S.C. 346, 9 S.E. 1033; *Middleton v. Taber* (1896), 46 S.C. 337, 24 S.E. 282. Only after satisfying this condition precedent may the judgment creditor then proceed against the property of the individual partners who, at the time of the South Carolina judgment rendered herein, would have been *jointly* liable for their proportionate share of the partnership debt. "The settled rule is that a partnership debt is a joint debt, and not joint and several, and an action thereon must be joint and all the parties must be joined as parties in an action upon such obligation." *Palmetto Prod. Credit Assn. v. Willson* (1971), 257 S.C. 13, 16, 183 S.E.2d 565, 566.[2] Accordingly, because the liability was joint, and not joint and several, no one partner could have been made liable for the entire partnership debt arising under the contract (unless, of course, that partner undertook to contract in his individual capacity in addition to signing on behalf of the partnership).

Appellants' argument that the South Carolina Court of Appeals decision should be construed in Ohio as precluding execution on the partnership debt against the property of the individual partners is clearly inconsistent with the

1. In contrast, Ohio law provides that a partnership "may sue or be sued by the usual or ordinary name which it has assumed, or by which it is known." R.C. 2307.24. This is a departure from the common law, which did not recognize a partnership as a legal entity, and mandated that suits involving partnership matters be brought by or against the individual partners.

2. The law in effect in South Carolina at the time Smith Construction brought suit provided that all partners are liable jointly for all debts and contractual obligations of the partnership. Former S.C.Code of Laws Section 52–27(2) (1962). However, in 1986 the statute was amended and now creates joint and several liability in the partners for the firm's breach of contractual duties: "All partners are liable jointly and severally for everything chargeable to the partnership." S.C.Code of Laws Section 33–41–370 (1990).

well-established precedent from that jurisdiction. We will not interpret that court's decision as an attempt to "overrule" law handed down by South Carolina's high court for over a century. Nor will we presume an intent on its part to hold contrary to legislative enactments. The more logical conclusion is that the South Carolina Court of Appeals abided by principles of *stare decisis* and held that actions could not be maintained and judgments rendered against the individual partners upon the entire debt, thereby vacating the lower court's decision as to "several" liability only. The partners' proportionate share of responsibility for the contractual debt of their partnership remains, leaving to appellee the power of execution.

Accordingly, the only judgment entitled to full faith and credit is that finding the partnership liable for the debt. Moreover, to apply the doctrine of *res judicata* as appellants encourage would create a violation of the Full Faith and Credit Clause as set forth in Clause 1, Section 1, Article IV of the United States Constitution. Accordingly, we affirm the Tenth District Court of Appeals decision that principles of *res judicata* do not bar appellees from executing in Ohio against the personal assets of the partners of Wolman, Duberstein & Thompson, an Ohio general partnership.

## II

We now proceed to a discussion concerning the procedural steps involved in executing upon the judgment obtained against the partnership. Specifically, we must determine the nature of the liability of a partner for partnership debts, and then determine whether a judgment creditor must first exhaust all partnership assets before resorting to the partners' personal assets in satisfaction of the judgment.

The applicable general law is relatively clear. Ohio's R.C. 1775.14, like Section 15 of the Uniform Partnership Act ("UPA"),[3] distinguishes the nature of a partner's liability for contractual obligations of the partnership from the nature of his or her liability for tortious claims against the firm. While the partner is rendered "jointly and severally" responsible to third persons for the wrongful acts of another partner acting in the ordinary course of business (R.C. 1775.12) and for a fellow partner's breach of trust (R.C. 1775.13), he or

---

3. Section 15 of the UPA provides:
    "All partners are liable
    "(a) Jointly and severally for everything chargeable to the partnership under sections 13 and 14 [which apply to wrongful acts committed in the course of partnership business].
    "(b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

she is only "jointly" liable for the ordinary business debts of the partnership, R.C. 1775.14.

At common law, partnership contracts were the joint obligations of all of the partners. *Simon v. Rudner* (1932), 43 Ohio App. 38, 41, 182 N.E. 650, 651. "Partnership contracts are obligations of all of the partners." *Brown & Bigelow v. Roy* (App.1955), 71 Ohio Law Abs. 438, 440, 132 N.E.2d 755, 757. Unlike contractual liability, the liability of partners for torts committed in the course of firm business is joint and several. R.C. 1775.14(A).

These early rules have, in the main, been adopted within the UPA, and within the applicable Ohio law, R.C. Chapter 1775, adopting the UPA. Accordingly, R.C. 1775.14 reads as follows:

"Subject to section 1339.65 of the Revised Code, all partners are liable as follows:

"(A) Jointly and severally for everything chargeable to the partnership under sections 1775.12 and 1775.13 of the Revised Code. This joint and several liability is not subject to division (D) of section 2315.19 of the Revised Code with respect to a negligence claim that otherwise is subject to that section.

"(B) *Jointly for all other debts and obligations of the partnership,* but any partner may enter into a separate obligation to perform a partnership contract." (Emphasis added.)

As in sole proprietorships, one of the legal realities of the general partnership form of business, and often the deciding factor in choosing the corporate rather than the partnership form of business organization, concerns the personal liability of the partners. Whether the third-party creditor can reach the general partner's personal assets on principles of *joint liability* or on those of *joint and several liability,* the burden of responding to a partnership obligation remains.

Joint liability apportions responsibility for a contractual debt equally, in the absence of a partnership agreement to the contrary, among the partners and thereby limits the creditor's execution on one individual partner's personal property to a pro rata share of the debt. Joint and several liability, on the other hand, allows for disproportionate satisfaction of the partnership obligation by rendering each general partner responsible for the entire amount of the partnership debt. The partner's right to indemnification or contribution from the other partners mitigates this burden such that responsibility for the partnership's wrongful act or breach of trust is, at a later date, spread fairly among the individual partners.

At common law, as well as pursuant to R.C. 1775.14(B), general partners are jointly liable, rather than jointly and severally liable, for partnership contractual debts in the absence of an agreement among themselves to the contrary.

A number of jurisdictions, like Ohio, which have adopted both joint and joint and several liability provisions in their partnership acts have not allowed third-party creditors immediate access to the personal assets of individual partners when the partnership debt arose out of contractual obligations. *Dayco Corp. v. Fred T. Roberts & Co.* (1984), 192 Conn. 497, 504, 472 A.2d 780, 784 (where the court interpreted Conn.Gen.Stat. Section 34–53 and related statutes, as preventing the creditor from attaching or levying upon the partner's individual property without first establishing the insufficiency of partnership assets); *McCune & McCune v. Mountain Bell Tel.* (Utah 1988), 758 P.2d 914, 917 ("[p]artnership debts and obligations * * * must be satisfied by partnership assets to the extent any exist before a creditor can seek satisfaction from the individual assets of a partner"); *Diamond Natl. Corp. v. Thunderbird Hotel, Inc.* (1969), 85 Nev. 271, 454 P.2d 13, 15 (in the event that partnership property proves insufficient to satisfy contract creditor's debt, creditor may execute against the separate property of the estate of deceased partner). The courts in these jurisdictions have interpreted the relevant statutes as preserving the common law's exhaustion-of-partnership-assets requirement when the individual partner is subject to joint liability for the firm's contractual debts. "If a debt is contractual in origin, common law requires that the partnership's assets be resorted to and exhausted before partnership creditors can reach the partners' individual assets." *McCune & McCune, supra,* 758 P.2d at 917.

Statutes in other jurisdictions have not codified the common-law rule which treats the nature of a partner's liability for contractual obligations of the partnership differently from that for tort claims against the firm. For example, Arizona's statute, Ariz.Rev.Stat.Ann. Section 29–215, deviates from the UPA by providing that partners are liable jointly and severally not only for tort claims against the partnership but also for all the firm's other debts and obligations. *Catalina Mortgage Co., Inc. v. Monier* (1990), 166 Ariz. 71, 800 P.2d 574. See, also, *Head v. Henry Tyler Constr. Corp.* (Ala.1988), 539 So.2d 196, construing Ala.Code Section 10–8–52. In these jurisdictions, the courts hold that partnership creditors are not required to establish the insufficiency of partnership assets before they pursue the personal assets of the individual partners for payment of the unsatisfied contractual debt. The Supreme Court of Alabama, in *Head v. Henry Tyler Constr. Corp., supra,* recognized the legal impact of its statute's departure from the common law:

"The major impact of making partners not merely jointly liable but also severally liable is that if a creditor chooses to bring an action against one of the partners, that partner is liable for all of the partnership debts, regardless of whether the creditor first attempted to recover the debt from the partnership or prove that the partnership had no assets. Several liability is '[l]iability *separate and distinct from liability of another* to the extent that an independent action may be brought without joinder of others.' *Black's Law Dictionary* (5th ed. 1979) at 1232. (Emphasis added.) The individual liability associated with partners that are jointly liable is not separate and distinct from the liability of all the partners jointly. Rather, the individual liability arises only after it has been shown that the partnership assets are inadequate. No direct cause of action may be maintained against the individual partners until the above condition is met. Several liability, on the other hand, imposes no such conditions precedent before one can be held individually liable. * * * " (Emphasis added.) *Head, supra,* 539 So.2d at 199.

Accordingly, the partners who are jointly liable have the right to demand payment of the third party's claim from their joint assets (*i.e.,* partnership assets) before their personal property can be called upon to satisfy that contractual debt. The early common law in Ohio held accordingly: "Equity will not lend its aid to subject the separate property of a partner to the payment of partnership debts while the joint property of the firm is unexhausted." *Hubble v. Perrin* (1827), 3 Ohio 287, 290. This basic tenet of enforcement of partnership obligations was contemplated by the legislature in the formulation of former R.C. 2325.21.[4] The statute's predecessor, G.C. 11651, was virtually identical and was the subject of the decision reached by this court in *Hall v. Oldfield Tire & Rubber Co.* (1927), 117 Ohio St. 247, 158 N.E. 191, the syllabus of which states:

"A creditor who has secured a judgment against a partnership in its firm name, cannot bring an action to make an individual partner a party to the judgment, under Section 11651, General Code, without pleading and proving that there is insufficient partnership property to satisfy the judgment."

As it can be seen, the common law applicable to partnerships has been that while the partnership is primarily responsible for judgments obtained against it, partnership judgment creditors were not foreclosed from further recourse

---

4. Former R.C. 2325.21 established a procedure for such circumstances and expressly provided that "[t]he members of a partnership, against which a judgment has been rendered by its firm name may be made parties to the judgment by action." This section was repealed effective July 1, 1971, by Am. H.B. No. 1201, 133 Ohio Laws, Part III, 3017, after the adoption of the Ohio Rules of Civil Procedure.

should the partnership assets be inadequate, or the partnership itself insolvent.

That the partnership assets be the primary source for satisfaction of such a judgment has been specifically provided by R.C. 2329.09, which in pertinent part states: "An execution on a judgment rendered against a partnership firm by its firm name shall operate only on the partnership property." In accord with R.C. 2329.09, we hold that partners are not primarily liable for the contractual obligations incurred by their firm. A partnership creditor in proceedings in execution of a judgment against the partnership must first exhaust partnership property before resorting to the personal assets of partners under R.C. 1775.14(B).

Appellants argue that execution may not be carried out against their individual property to satisfy a judgment against the partnership because: (a) the judgment, although originally rendered against the individual partners, was reversed by the South Carolina Court of Appeals to become a judgment solely against the partnership; (b) prior R.C. 2325.21, which provided that "members of a partnership against which a judgment has been rendered by its firm name may be made parties to the judgment by action," and which would have permitted appellee to bring the appellant partners into the proceeding and to subject their personal property to satisfy the judgment against the partnership, was repealed after the adoption of the Ohio Rules of Civil Procedure; (c) Ohio law pertaining to execution provides in R.C. 2329.09 that "an execution on a judgment rendered against a partnership firm by its firm name shall operate only on the partnership property."

We reject the appellants' arguments upon the following reasoning:

First, we conclude that it was not the intent of the General Assembly to overturn the long-standing common-law rule that partners are jointly liable for partnership contractual obligations. We also conclude that it was the intent of the General Assembly to adopt the common-law rule that in order to levy upon the individual property of a partner in satisfaction of a judgment against the partnership, the creditor must first show that partnership assets have proven insufficient.

As we have previously concluded in Section I herein, the opinion of the South Carolina Court of Appeals, although resulting in a judgment against the partnership only, did not preclude an action against the partners and their individual assets to be held jointly liable for the partnership debt. This judgment against the partnership is a valid judgment that has been certified to Ohio for execution purposes and our courts will give it the appropriate full faith and credit. In aid of execution of this judgment in Ohio, all of the property of the partnership has been levied upon.

Even though former R.C. 2325.21 is no longer available to make the partners parties to the judgment, there are other provisions of law provided to accomplish this. The Tenth District Court of Appeals alluded to Civ.R. 71 in its opinion. Civ.R. 71 provides in part: " * * * when obedience to an order may be lawfully enforced against a person who is not a party, he is liable to the same process for enforcing obedience to the order as if he were a party." The court of appeals then proceeded to conclude, and we think correctly so, that Civ.R. 69 was the more appropriate Civil Rule to apply in this instance. This rule, in pertinent part, provides that "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be as provided by law. * * * "

As noted by the court of appeals here, there is currently no specific law setting forth the procedures to be followed to subject the individual property of partners to the satisfaction of a judgment obtained against the partnership in the firm name. We now refer to the procedures which may lawfully be followed in Ohio.

After a creditor pursues proceedings in aid of execution to satisfy a judgment against the partnership, and demonstrates that the judgment remains unsatisfied due to insufficient partnership property, the creditor may, by appropriate action, subject the partners and their individual property to such unsatisfied partnership judgment. The judgment creditor may bring an action seeking to have the partners made parties to the judgment against the partnership. In such action between the plaintiff judgment creditor and the partners, the plaintiff must offer proof that the judgment has not been satisfied due to insufficient partnership assets. If the court finds that the judgment against the partnership has been unsatisfied due to insufficiency of partnership assets, the court may enter an order making the partners parties to the partnership judgment, finding the partners jointly liable for such unsatisfied judgment against the partnership, and setting forth the individual amounts due from each partner to satisfy his individual joint partnership obligation.

In the case *sub judice*, Smith Construction obtained a valid foreign judgment against Wolman, Duberstein & Thompson, an Ohio general partnership. Execution on the partnership debt was had in the Franklin County Court of Common Pleas pursuant to the process of executing on a foreign judgment set forth in R.C. 2329.022.[5] Only $2,582.31 of the total amount of the South

---

5. R.C. 2329.022 provides in relevant part:

"A copy of any foreign judgment authenticated * * * may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a

Carolina judgment was obtained from garnishment of the partnership's bank account. Appellants do not dispute that $105,549.34 of the outstanding debt is currently owed to Smith Construction, and admit that partnership assets are inadequate to pay the judgment creditor. Therefore, we find that Smith Construction was entitled to reach the assets of the individual partners in Ohio to satisfy the judgments rendered by the courts in South Carolina.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

--------

judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in [the] same manner as a judgment of a court of common pleas."