OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
Defendants-appellants, Richard J. Gumpp ("Gumpp") and Cindi K. Cline ("Cline"), appeal from a decision of the Seneca County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, The Old Fort Banking Company ("the Bank"). For the following reasons, we affirm in part and reverse in part the judgment of the trial court.
The pertinent facts and procedural history are as follows. On April 13, 1999, James D. Cline, as President of Cline Oldsmobile-Cadillac, Inc. "Cline Oldsmobile", executed a promissory note, loan number 900101, in the amount of $1,150,000 payable to the Bank. This was a "new car floor plan" loan. Previously, on April 13, 1995, Gumpp executed a guaranty on behalf of Cline Oldsmobile for an earlier promissory note of the same loan number in an amount not to exceed $975,000. On May 1, 1997, appellant Cline also executed a guaranty for loan number 900101.
On July 12, 1999, Cline Oldsmobile executed a promissory note, loan number 10072784, payable to the Bank in the amount of $602,014.62. That same day, Gumpp, in his capacity as partner of the partnership RJ Holding, executed a guaranty on loan number 10072784. Cline also executed a guaranty on loan number 10072784 on July 12, 1999.
Cline Oldsmobile defaulted on loan numbers 900101 and 10072784. The date of the defaults has not been stated.
On February 13, 2001, the Bank filed a complaint against the appellants asserting claims for monetary damages on certain promissory notes and guarantees. The complaint also included a foreclosure claim on certain mortgages. On March 26, 2001, the Bank filed an amended complaint which added two additional claims for relief, claims which were dismissed with prejudice.
On July 31, 2001, the Bank filed a motion for summary judgment against the appellants. The appellants timely filed their response to the Bank's motion, and the appellee filed a brief in reply. The trial court entered an order granting the Bank's motion for summary judgment on October 2, 2001.
The appellants now appeal asserting the following two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in granting appellee's motion for summary judgment against appellant Richard J. Gumpp.
 ASSIGNMENT OF ERROR NO. II The trial court erred in granting appellee's motion for summary judgment against appellant Cindi K. Cline.
Our analysis of an appeal from summary judgment is conducted under a denovo standard of review.[1] In Horton v. Harwick Chem Corp.,[2] the Ohio Supreme Court held that summary judgment is proper "when looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party."[3]
For purposes of clarity and brevity, we will discuss the appellants' assignments of error together, but will begin with questions surrounding loan number 900101 and then proceed to loan number 10072784.
Loan Number 900101
The appellants contend that that they are not personally liable on loan 900101 asserting that neither of the guaranties, which Gumpp signed on April 27, 1995 and Cline signed on May 1, 1997, apply to the April 30, 1999 renewal of that loan. The Bank and the appellants have diverging opinions over the effect of certain language in the guaranty, drafted by the Bank.
The appellants contend that the promissory note was a renewal of a prior promissory note and that the guaranties, each executed prior to the promissory note, exclude any extensions, renewals or replacements of loan number 900101 that were entered into after the date of the guaranty. The specific language of the guaranty reads as follows:
 The term "Indebtedness" as used in this guaranty shall not include any obligations entered into between Borrower and Lender after the date hereof (including any extensions, renewals or replacements of such obligations) for which Borrower meets the Lender's standard of creditworthiness based on Borrower's own assets and income without the addition of a guaranty, or for which a guaranty is required but Borrower chooses someone other than the joint Undersigned to guaranty the obligation.
 The appellants' interpretation misses the mark. The guaranty expressly reads that the term "indebtedness" does not include those obligations for which the lender extends credit to the borrower based upon borrower's assets and income without the addition of a guaranty. Nor does the term include obligations for which the borrower has selected another to guaranty the obligation. Nowhere does this provision state that "indebtedness" does not apply to a renewal of the existing promissory note.
The Bank refers to an earlier stipulation in the guaranty to support its argument that the appellants' assertion is misplaced. The provision reads:
 If this [box] is checked, the Undersigned guarantees to Lender the payment and performance of each and every debt, liability and obligation of every type and description which Borrower may now or at any time hereafter owe to Lender (whether such debt, liability or obligation now exists or is hereafter created or incurred, and whether it is or may be direct or indirect, due or to become due, absolute or contingent primary or secondary, liquidated or unliquidated, or joint, several, or joint and several; all such debts, liabilities and obligations being hereinafter collectively referred to as the "indebtedness". Without limitation, this guaranty includes the following described debt(s): NEW CAR FLOOR PLAN LOAN AGREEMENT # 900101.
 The box was checked. The Bank maintains that the above provision clearly and unambiguously stated that the guaranties signed by the appellants included subsequent debt created by the borrower. We agree.
The guaranty executed by Gumpp expressly provides that his liability will be limited to a principal amount of $975,000, plus accrued interest, attorneys fees, and other costs and expenses. Cline's guaranty, however, contains no such limitation on the principal amount. Nevertheless, the principal sum due and owing is $105,302.46, well below the limitation upon Gumpp's liability.
Accordingly, we find, as to loan number 900101, that there remains no genuine issue of material fact as to either of the appellants' liability. We further find, with respect to loan number 900101, that the Bank is entitled to judgment as a matter of law, because reasonable minds, construing the evidence in favor of the appellants, could only conclude in the Bank's favor.
Loan Number 10072784
The Bank claims that the balance due on loan number 10072784 is $130,141.30. With regard to this loan, Gumpp asserts that he did not sign the guaranty in his individual capacity and, therefore, is not primarily liable. He claims, rather, that he and James Cline each executed the guaranty in their capacities as partners of RJ Holding. Thus, he argues, the guaranty was signed in the name of the partnership RJ Holding.
Gumpp takes issue with the fact that the appellee has pursued a claim against him personally and individually, rather than against the partnership. Relying on Hall v. Oldfield Tire Rubber Co.,[4] Gumpp argues that a creditor must first plead and prove that there is insufficient partnership property to satisfy a judgment before making an individual partner a party to the judgment.
Pursuant to R.C. 1775.14(A)(2), partners are jointly, not jointly and severally liable, for contractual obligations of the partnership. "The partners who are jointly liable have the right to demand payment of the third party's claim from their joint assets (i.e., partnership assets) before their personal property can be called upon to satisfy that contractual debt."[5] Thus, "partners are not primarily liable for the contractual obligations incurred by their firm."[6]
The Bank does not address this issue in its reply brief; however, in its complaint, the Bank claims that Gumpp is obligated to pay the balance due under the terms of the guaranty that he signed. The trial court agreed. Yet, because Gumpp signed the guaranty as a partner and not as an individual, we believe that there is a genuine issue of material fact as to whether he is personally liable, or whether the Bank must first bring an action against the partnership that is primarily liable, RJ Holding. The Bank has not submitted any evidence that the property of RJ Holding was insufficient to satisfy the balance due on loan number 10072784.
As to Gumpp's liability, we find that there remains a genuine issue of material fact as to whether RJ Holding has sufficient property with which to satisfy the balance due on loan number 10072784.
Appellant Cline also executed a guaranty dated July 12, 1999 for the promissory note on loan number 10072784. Cline contends that the Bank is not entitled to a monetary judgment against her because paragraph four of the guaranty limits her liability to her "interest in the real estate." She further asserts that the guaranty neither identifies nor describes the real estate nor the value of her interest therein.
The Bank argues that Cline pledged her interest in real estate located at 19 Harvest Lane, Tiffin, Ohio, and that the appellant and her former husband, James Cline, executed a mortgage deed granting the bank a second mortgage in the property. A copy of the open-end mortgage, also dated July 12, 1999 and signed by Cindi K. Cline, was attached to the complaint and states upon its face that the debt it secured was loan agreement number 10072784.
The trial court apparently accepted Cline's arguments which leaves us to question the purpose of this particular issue on appeal. Cline argues that the Bank's judgment should be limited to her interest in the real estate. The trial court found that upon the sale of the real estate at 19 Harvest Lane, Cline's obligation under loan number 10072784 would be satisfied and that the Bank would not be granted a deficiency judgment against her. The trial court gave her exactly what she has asked for in this appeal. Accordingly, we find no genuine issue of material fact with respect to the guaranty signed by Cline for loan number 10072784.
In summary, the appellants' first assignment of error is overruled with respect to loan number 900101 and is sustained with respect to loan number 10072784. The appellants' second assignment of error is without merit.
Judgment affirmed in part, reversed in part.
SHAW, P.J., and WALTERS, J., concur.
[1] Ledyard v. Auto-Owners Mut. Ins. Co. (2000), 137 Ohio App.3d 501,505.
[2] (1995), 73 Ohio St.3d 679, 686-687.
[3] See, also, Civ.R. 56(C).
[4] (1927), 117 Ohio St. 247.
[5] Wayne Smith Constr. v. Wolman (1992), 65 Ohio St.3d 383, 390.
[6] Id. at 391.