DECISION
{¶ 1} Defendants-appellants, Ebony Fuel, Inc., Ebony Fuel Realty, C. Michael Harris, Deborah Chapman, and William S. Chapman (hereinafter collectively, "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas denying appellants' motion under Civ.R. 60(B) for relief from a prior judgment upon a cognovit note in favor of plaintiffs-appellees, Precision Seed Company, Inc. and Sabina Farmers Exchange, Inc. (hereinafter "Precision" and "SFE," or collectively "appellees").
 {¶ 2} The procedural history and material facts of the present case are inextricably enmeshed with those in a parallel action taking place in the Hamilton County Court of Common Pleas, and the allocation of jurisdiction between the Hamilton County and Franklin County courts constitutes the principal issue before us.
 {¶ 3} Appellees initiated the Franklin County action with a complaint filed on November 21, 2003 to enforce the cognovit provision of a note executed by appellants in favor of National City Bank (hereinafter the "NCB note"). Appellees are holders of the note pursuant to an assignment from National City, and the note is secured by a mortgage upon real estate located in Hamilton County. Pursuant to the cognovit provision of the NCB note, judgment was confessed on behalf of each named appellant by answer filed November 21, 2003, and the Franklin County Court of Common Pleas entered judgment in favor of appellees by entry on November 21, 2003, in the amount of $265,673.35
 {¶ 4} Well before appellees initiated their action to enforce the cognovit provision of the NCB note, appellees' predecessor holder of the note, National City Bank, was named as a defendant in a foreclosure action filed on November 6, 2000 in the Hamilton County Court of Common Pleas by a creditor holding a senior lien on the same real estate securing the NCB note. National City Bank properly defended the action in Hamilton County and filed an answer stating that it had a protectable interest in the real estate that was the subject of the foreclosure action. After purchasing the note, appellees were substituted as parties in place of National City Bank in the Hamilton County action. On October 30, 2003, appellees filed a "Motion to Adjudicate Claims" with the Hamilton County Court, seeking to prioritize claims in the pending foreclosure action, requesting that the court "require all parties to this action that have not yet had the amount of their claims adjudicated and prioritized by the court to come forth and prove their respective claims, such that a final judgment adjudicating all of the claims, their amounts, and their priorities against the Mortgaged Premises can be issued prior to the sale of the Mortgage Premises." (Memorandum in Support, at 3.)
 {¶ 5} On January 12, 2004, the Hamilton County Court of Common Pleas entered its order on appellees' motion. This order quantified and prioritized the remaining liens on the property; the only pertinent item for purposes of the present appeal is that the order acknowledged the lien based upon the NCB note, but limited the sum payable in complete and full satisfaction of the note to $75,000, apparently the amount paid by appellees to National City Bank for purchase of the note and an amount substantially less than the face value of the note and accumulated interest. That divergence is itself the subject of a separate appeal by appellees to the Hamilton County Court of Appeals from the Hamilton County Common Pleas Court decision; it enters somewhat peripherally into the matter before us only to the extent that it establishes that the Hamilton County Court of Common Pleas addressed not only the priority but the amount due on the note.
 {¶ 6} Appellants filed a motion for relief from the Franklin County judgment under Civ.R. 60(B) on January 14, 2004 and appended a request for an oral hearing on the motion. The motion was premised on the fact that appellees had sought an adjudication in the Hamilton County Court of Common Pleas to enforce the note, that the Hamilton County Court of Common Pleas had concurrent jurisdiction with the Franklin County Court of Common Pleas over the note, and that the prior exercise of jurisdiction in Hamilton County precluded jurisdiction in Franklin County. The Franklin County Court of Common Pleas, without granting or addressing appellants' request for an oral hearing, rendered its decision March 25, 2004, denying appellants' motion for relief from judgment, and this decision was journalized by entry on April 21, 2004. Appellants have timely appealed from this last judgment and bring the following two assignments of error:
First Assignment of Error
The trial court erred and abused its discretion in denying appellants' Civ.R. 60(B) Motion for Relief from the Cognovit Judgment.
Second Assignment of Error
The trial court erred and abused its discretion in denying Appellants a hearing on their Civ.R. 60(B) Motion for Relief from the Cognovit Judgment.
 {¶ 7} Appellants' first assignment of error asserts the trial court erred in denying appellants' Civ.R. 60(B) motion for relief from the cognovit judgment. In order to obtain relief from judgment under Civ.R. 60(B), the moving party must demonstrate (1) that the party has a meritorious defense or claim to present if relief is granted, (2) that the party is entitled to relief under one of the enumerated grounds set forth in Civ.R. 60(B)(1) through (5), and (3) that the motion has been brought within a reasonable time from judgment. GTE Automatic Electric,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. "However, where the judgment was entered by confession upon a warrant-of-attorney without prior notice, the existence of a meritorious defense to all or part of the claim is sufficient to justify relief from judgment, provided the motion is timely." TransOhio SavingsBank v. Millston Apts. of Aberdeen, Ltd. (Nov. 6, 1990), Franklin App. No. 90AP-166, citing Matson v. Marks (1972), 32 Ohio App.2d 319. The question of whether relief should be granted pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. The question of whether to conduct an evidentiary hearing on a Civ.R. 60(B) motion is also within the sound discretion of the trial court. Schafer v. ContinentalAirlines, Inc. (1989), 62 Ohio App.3d 855, 857.
 {¶ 8} In the present case, there was no dispute that appellants' motion for relief from judgment in the trial court was timely. The issue is whether they have presented a meritorious defense to the cognovit judgment.
 {¶ 9} Cognovit notes are subject to specific statutory provision governing the jurisdiction in which the holder may seek to have judgment confessed under the cognovit provision, R.C. 2323.13(A):
* * * Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court established under section 1901.01 of the Revised Code, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise judgment may be confessed in any court in the county where the maker or any or several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk.
 {¶ 10} Appellants do not contest that R.C. 2323.13(A) sets forth a mandatory jurisdictional requirement establishing in which of Ohio's municipal or common pleas courts (depending on whether the value of the note exceeds the jurisdictional limit of the municipal court) a holder may seek to confess judgment on behalf of the note obligor under the warrant of attorney. The distinguishing feature of a cognovit note is this confession of judgment. Appellants' position, however, is that R.C.2323.13(A) covers only confession of judgment under the cognovit provision, and that a holder may freely proceed in an action upon the note itself, without resorting to the cognovit provision, in any other court of competent jurisdiction, which in this case would have included the Hamilton County Court of Common Pleas where the foreclosure action was ongoing. For this proposition appellants cite Pace v. Pace (1936),57 Ohio App. 281 and Dryden v. Dryden (1993), 86 Ohio App.3d 707. Where two courts have such concurrent jurisdiction, appellants point out, the first to acquire subject matter jurisdiction acquires the authority to proceed to judgment to the exclusion of all other exercise of jurisdiction by other courts. "As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." State ex rel. Racing Guild of Ohio v. Morgan
(1985), 17 Ohio St.3d 54, 56.
 {¶ 11} We agree with appellants that the enactment of the contemporary version of R.C. 2323.13(A) defining jurisdiction for exercise of cognovit provisions does not alter the prior rule set forth in Pace, supra, that the holder of a cognovit note may proceed in a conventional action upon the note, without resort to confession of judgment under the warrant of attorney, in any court of competent jurisdiction. While Pace predates the enactment of the current version of R.C. 2323.13(A), language in the post-statute case of Dryden seems ample contemporary authority for this proposition: "since [the holder] did not pursue a judgment under the cognovit portion of the note, but rather commenced the action as a normal civil action, the [invalidity of the cognovit provision] was of no consequence. * * * Nothing in the statute provides or even implies that the note itself or the underlying debt which it represents are rendered invalid by the [invalidity of the cognovit provision]. It would appear that [the holders] have taken the proper approach in commencing a normal civil action on the note." Dryden at 714. We also agree that, if such concurrent jurisdiction exists, then the tribunal first invoked would have jurisdiction to the exclusion of all others.
 {¶ 12} On the present facts, however, we find that appellees did not pursue a conventional civil action in Hamilton County in an attempt to obtain a judgment and collect upon the note itself. Appellees' motion to adjudicate and prioritize claims is essentially a procedural step taken in an action in which appellees' predecessor was named as a defendant in the foreclosure action, and is not an affirmative and explicit attempt to obtain a judgment upon the note from the Hamilton County Court of Common Pleas. While the Hamilton County court's order in response to the motion is slightly more expansive in its disposition of the note, to the extent that it quantified the amount due, we still find that this is insufficient to indicate that the Hamilton County Court of Common Pleas acquired complete jurisdiction of the NCB note to the exclusion of any attempt to invoke the cognovit provisions and obtain a judgment in Franklin County. From a purely practical point of view, it is necessary to point out that an incautious holding to the contrary would have the effect of essentially deleting the cognovit provisions from any number of notes for the sole reason that they are directly or tangentially involved in foreclosure proceedings before a tribunal that lacked jurisdiction under R.C. 2323.13(A) to entertain a confession of judgment, regardless of whether the holder of the cognovit note had initiated those proceedings or not. The wholesale negation of freely-bargained-for cognovit provisions would result.
 {¶ 13} Because we find that appellees did not invoke the jurisdiction of the Hamilton County Court of Common Pleas in a manner that would represent an exclusive election of jurisdiction precluding pursuit of a confession of judgment in an action filed in Franklin County, we find that appellants did not present a meritorious defense in support of their motion for relief from judgment in the Franklin County Court of Common Pleas. Appellants' first assignment of error is accordingly overruled.
 {¶ 14} Appellants' second assignment of error asserts that the trial court erred in failing to grant their request for an oral hearing on the motion for relief from judgment. As set forth above, granting of an evidentiary hearing on a Civ.R. 60(B) motion is within the sound discretion of the trial court. Nothing in the case before us, which is of necessity decided on purely documentary evidence that was timely placed before the court by the parties, leads us to find that the trial court abused its discretion in not granting the hearing, and appellants' second assignment of error is accordingly overruled.
 {¶ 15} In summary, appellants' first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas denying appellants' motion for relief from judgment pursuant to Civ.R. 60(B) is affirmed.
Judgment affirmed.
Sadler and French, JJ., concur.
Wright, J., retired, of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.